[Civ. No. 9803. Second Appellate District, Division Two.—July 11, 1934.]

MABEL P. ANDERSON, Petitioner, v. BENJAMIN F. BLEDSOE, Respondent.

L. J. Styskal for Petitioner.

Gibson, Dunn & Crutcher for Respondent.

STEPHENS, P. J.—Honorable Benjamin F. Bledsoe, for many years a distinguished judge of the superior court,

and later judge of the United States District Court, obliged the litigants and the presiding judge of the Superior Court of Los Angeles County by accepting appointment as a *pro tempore* judge to try the case of *Mabel P. Anderson et al., Plaintiffs,* v. *City Railway Company et al., Defendants,* pending in the said superior court. The case was tried without a jury, judgment was duly rendered and entered and thereafter a motion for a new trial was made and granted. The order granting the new trial was appealed and this appeal was subsequently dismissed. A motion was made in the Superior Court of Los Angeles County to vacate the order granting the new trial and this motion, it is conceded, will be heard by Judge Bledsoe under his continuing authority as judge *pro tempore* unless we issue the writ of prohibition preventing it. Judge Bledsoe responds by filing a demurrer on the ground that no cause has been stated, and this pleading was treated at the argument as a return. The point raised is conceded by all concerned as wholly legal in nature and in no sense as an aspersion upon the ability or integrity of the distinguished respondent.

We think the demurrer must be sustained. The authority of the appointment continues until the final disposition of the case. (Const. of Cal., art. VI, sec. 5, as amended November 6, 1928.) The fact that the order granting the new trial has become final so far as a direct appeal therefrom is concerned is wholly immaterial.

The alternative writ is discharged and the peremptory writ is denied.

Craig, J., and Desmond, J., concurred.