[No. B050488. Second Dist., Div. Three. Sept. 19, 1990.]

FREDERICK D. McCARTNEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
UNIVERSITY OF SOUTHERN CALIFORNIA, Real Party in
Interest.

COUNSEL

Wade Vincent Shang for Petitioner.

No appearance for Respondent.

Christian E. Markey, Jr., and Mireille F. Gotsis for Real Party in Interest.

## OPINION

**THE COURT.**\*—Plaintiff seeks a writ commanding the superior court to "appoint" a judge other than Commissioner Robert Zakon (Comr. Zakon) to hear a motion for reconsideration relating to a demurrer previously heard by Comr. Zakon. We hold: (1) Because a motion to reconsider is a "direct progeny" of the prior ruling, the stipulation to the commissioner for the hearing on demurrer empowers the commissioner to hear and decide a subsequent motion for relief from that ruling; and (2) The attempt to dis-

---

\* Before Danielson, Acting P. J., Croskey, J., and Hinz, J.

qualify Comr. Zakon is ineffective because it was not properly served and because on its face the statement of disqualification discloses no legal ground for disqualification. Accordingly, the petition is denied.

## BACKGROUND

Plaintiff attended the University of Southern California (USC) in 1976 and may have graduated. Transcripts show plaintiff did not graduate. USC allegedly agreed a bookkeeping error was made and promised to change the records but failed to do so. When plaintiff began looking for a new job, employers rejected him because of the discrepancy between plaintiff's resume and the USC records.

Plaintiff brought this action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, libel, slander, negligent infliction of emotional distress and injunctive relief. USC filed a demurrer. Both parties stipulated to hearing before Comr. Zakon. On April 23, 1990, the court sustained without leave to amend the demurrer to four causes of action.

A motion to reconsider was timely filed, accompanied by a notice plaintiff would not stipulate to Comr. Zakon. USC requested sanctions on the ground plaintiff (1) had alleged no new or different facts and (2) was attempting to "judge shop."

On page 2 of the reply to the opposition to the motion to reconsider, the following paragraph appeared: "Plaintiff challenges the impartiality of Commissioner Zakon based upon C.C.P. Section 170.3(c)(1)[1] and objecting to any hearing before such Commissioner based on the fact that such Commissioner is a graduate of the Defendant University of Southern California and is not an impartial judge."[2]

When the parties appeared for the hearing on May 24, 1990, Comr. Zakon asked if all parties had stipulated. Plaintiff's counsel stated he would not stipulate. Comr. Zakon declined to hear the matter and placed the motion to reconsider off calendar.[3]

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Comr. Zakon graduated from UCLA in 1953 and from USC Law School in 1956.

[3] When plaintiff sought review in this court we requested opposition in accord with the requirements of *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].

## DISCUSSION

### 1. *The Stipulation*

"On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act *until final determination of the cause.*" (Cal. Const., art. VI, § 21; italics added.)

The stipulation form for the appointment of court commissioner as temporary judge used in the Los Angeles Superior Court provides: "It is therefore stipulated between the undersigned attorneys and parties that said Commissioner, or any other Commissioner appointed . . . shall hear the within action sitting as a Judge Pro Tempore. [¶] It is further stipulated that said Commissioner, or any other Commissioner appointed . . . , shall, by this signed document, be vested with the authority to hear any future or further hearings or the trial in this case, whether contested or uncontested, as a Judge Pro Tempore, without prejudice to either party appearing at a subsequent date, or at such new hearing or trial and withdrawing the continuing authority contained herein. Notice of withdrawal shall be in writing or made orally in open Court."

■ A court commissioner has authority to determine a disputed matter only when the parties stipulate to have him do so. Absent the stipulation of the litigants any order entered is void. (*Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 360 [110 Cal.Rptr. 353, 515 P.2d 297]; *In re Frye* (1983) 150 Cal.App.3d 407, 409 [197 Cal.Rptr. 755].)

■ "A cause is the proceeding before the court." (*Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 9 [118 Cal.Rptr. 21, 529 P.2d 53].) "The appointment of a temporary judge to hear a particular 'cause' carries with it the power to act until the final determination of *that proceeding.*" (*Id.* at p. 10; italics in original.)

■ The question is whether the temporary judge has power to hear and determine a proceeding subsequent to the stipulated proceeding. In resolving the question, two types of proceedings are discussed in the case law. "Ancillary" proceedings are those proceedings upon a separate record independent of the ruling in the stipulated cause. (*Sarracino* v. *Superior Court, supra,* 13 Cal.3d at 9.) "Ancillary proceedings are not a continuation of the stipulated cause, and the temporary judge has no power to hear them absent a new stipulation." (*Reisman* v. *Shahverdian* (1984) 153 Cal.App.3d 1074, 1095 [201 Cal.Rptr. 194].)

Those proceedings which question the finality of the temporary judge's ruling or which are a part of or a continuation of the stipulated cause are not ancillary but direct progeny of the stipulated cause.

In *Anderson v. Bledsoe* (1934) 139 Cal.App. 650 [34 P.2d 760], acting upon the stipulation of the parties, a temporary judge heard the case, rendered a judgment and granted a motion for new trial. Thereafter, a motion to vacate the order granting the new trial was made and assigned to the same temporary judge. Seeking to prevent the temporary judge from hearing the motion to vacate, the plaintiff sought a writ. *Anderson* held: "The authority of the appointment continues until the final disposition . . . ." (*Id.* at p. 651.) A temporary judge therefore has the power to hear a motion to vacate his order for new trial. (139 Cal.App. at p. 651.)

■ A motion to vacate a judgment based upon the mistake, inadvertence, surprise or excusable neglect pursuant to the provisions of section 473 is another example of a direct progeny of the stipulated cause. Such a motion seeks no judgment independent of the judgment entered on the stipulated cause but constitutes a direct attack upon that judgment. (*Reisman v. Shahverdian, supra,* 153 Cal.App.3d at 1094-1097.)

■ While a motion to reconsider may raise new or different facts (§ 1008, subd. (a)), the record of the underlying proceeding is necessarily a part of the motion to reconsider. There is no "separate judgment independent of the final judgment in the underlying proceeding." (*Nierenberg v. Superior Court* (1976) 59 Cal.App.3d 611, 618 [130 Cal.Rptr. 847].) A motion to reconsider can be construed only as a direct attack upon the judgment entered on the stipulated cause. As such, a motion to reconsider is a direct progeny of the proceeding on the stipulated cause.

A commissioner has power to determine a subsequent motion for relief from his ruling. "The stipulation empowering the temporary judge to determine a given cause also empowers that judge to determine *such direct progeny* of that cause. [Citation.]" (*Reisman v. Shahverdian, supra,* 153 Cal.App.3d at 1095; italics added.)

Because a motion to reconsider is such a direct progeny, the stipulation to the commissioner for the hearing on demurrer conferred authority to the commissioner to rule on the motion to reconsider the ruling on the demurrer. A second stipulation is not necessary.

Plaintiff therefore may either reschedule the motion to reconsider for hearing before Comr. Zakon or he may withdraw the motion.

## 2. *The Attempted Disqualification*

Section 170.3 requires a written verified statement setting forth the grounds for disqualification with copies to be served on each party and personally served on the judge or his clerk.

■ A statement in the reply to the opposition to a motion mailed to the court does not satisfy the notice requirements of section 170.3. It should also be noted that the so-called motion to disqualify was not mentioned when the parties appeared for hearing. Plaintiff's counsel merely refused to stipulate.

Further, subdivision (b) of section 170.4 provides: "[I]f a statement of disqualification . . . on its face . . . discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." Even if the attempt to disqualify Zakon had been properly served, the statement that Comr. Zakon is a graduate of defendant USC is not a legal ground for disqualification.

In *Leland Stanford Junior University* v. *Superior Court* (1985) 173 Cal.App.3d 403 [219 Cal.Rptr. 40], the plaintiff sought to disqualify a judge who had graduated from defendant Stanford University, had participated in founding a local chapter of the Stanford Law Society, had been president of the local chapter for two years and a member of the board of visitors for three years. The court found (a) no factual basis for disqualification, and (b) an average person aware of the fact would entertain no reasonable doubt as to the judge's impartiality. (*Id.* at pp. 407-409.)

The only fact in the record here is that Comr. Zakon graduated from USC over 30 years ago. That fact is so remote and unrelated to the present controversy that no reasonable person would question the commissioner's impartiality. Plaintiff's attempt to disqualify Comr. Zakon is a transparent attempt to obtain a second trial court opinion on the successful demurrer.

■ A motion to reconsider should be heard by the judge who made the underlying order whenever possible. (*Muller* v. *Tanner* (1969) 2 Cal.App.3d 445, 462 [82 Cal.Rptr. 738]; *Micro/Vest Corp.* v. *Superior Court* (1984) 150 Cal.App.3d 1085, 1090 [198 Cal.Rptr. 404].)

## DISPOSITION

The petition is denied.