[No. F062883. Fifth Dist. Sept. 11, 2012.]

KERN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES et al., Plaintiffs and Respondents, v.
RAUL CAMACHO, JR., Defendant and Appellant.

1030

**COUNSEL**

Raul Camacho, Jr., in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Ismael A. Castro and Mary Dahlberg, Deputy Attorneys General, for Plaintiffs and Respondents.

**OPINION**

**KANE, J.**—In this family law case, appellant Raul Camacho, Jr., filed a motion in the trial court to modify the amount of arrears he owed for child support. Appellant claimed that the computation of arrears presented by respondent Kern County Department of Child Support Services (the Department) was mistaken because it failed to account for numerous extra payments he had made toward child support over the years. An evidentiary hearing was held before Commissioner Ralph L. McKnight, Jr., who determined that some of the extra payments should be credited toward appellant's child support obligations, but other payments were gifts and therefore did not constitute child support. Appellant was unhappy with that result and moved to set aside

the trial court's order on the ground that he (appellant) was not properly advised pursuant to Family Code section 4251, subdivision (b), of his right to object to having the matter heard by a commissioner rather than a judge.[1] Commissioner McKnight also heard the set-aside motion and denied it. Appellant appealed, challenging both orders. We will affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Daisy Medina (Medina) are the parents of two children, Rebecca and Cristabelle. On January 21, 1998, the trial court entered a default judgment requiring appellant to pay child support of $280 per month, per child. In 2002, appellant and Medina stipulated to reduce the child support to $137.50 per month, per child. The written form used for the stipulation and order specified that it may be executed by a "Commissioner of the Superior Court" and, in fact, Commissioner McKnight signed the stipulation and order on April 9, 2002. On June 14, 2005, appellant and Medina stipulated to waive unassigned child support arrears that had accrued through May 15, 2005. Apparently, Medina had agreed with appellant to have the Department close its case for collection of child support arrears, since appellant was prepared to pay Medina directly the amounts then owed.

On August 24, 2006, at the request of Medina, the Department filed a motion to modify child support. The notice of motion included, in bold print at the top of page 2 thereof, a "NOTICE" advising the parties that the case may be referred to a court commissioner who would act as a temporary judge in the absence of an objection by either party prior to the hearing. The minute order regarding the hearing of the motion reflects that appellant appeared and consented to having Commissioner McKnight act as temporary judge in that hearing. Appellant's support obligation was modified by Commissioner McKnight to $236 per month for Cristabelle and $393 per month for Rebecca, for a total of $629 each month.

On December 1, 2010, at appellant's request, the Department filed another motion to modify child support, apparently due to a decrease in appellant's income. The notice of motion included the same bold-print "NOTICE" provision, informing the parties that the case may be referred to a court commissioner who would hear and decide the matter as a temporary judge in the absence of objection by either party. The Department's motion also included a request to "set payment on any arrears balance at the rate of $51.25 per

---

[1] Unless otherwise indicated, all further statutory references are to the Family Code.

month, or such other sum based on the obligor's ability to pay." (Capitalization omitted.) The hearing of the Department's motion was set for January 18, 2011, at 8:00 a.m., in department F of the Kern County Superior Court.

On January 11, 2011, appellant filed a motion to modify arrears of child support. Pursuant to an application by appellant for an order shortening time, this motion was set at the same time and date as the Department's pending motion on his behalf—i.e., for January 18, 2011, at 8:00 a.m., in department F. Appellant attached a declaration to his motion to modify arrears which asserted the factual grounds for his motion. He asserted that in July 2010, Medina had requested that the Department reopen her case for enforcement of child support, and in doing so she reported to the Department only a partial payment history dating back to October 2006. As a result, the Department's billing statements reflected that appellant owed child support arrears of $6,854 plus $371 in interest. Appellant also attached the Department's most recent report stating that as of December 17, 2010, he owed a balance due of $8,476.76 in child support arrears. Appellant claimed in his motion that these amounts were incorrect because they failed to account for a number of additional payments made by appellant for his children's support between October 2006 and May 2010. Appellant provided banking records showing the additional sums paid by him, totaling over $16,625. Thus, from appellant's perspective, he did not owe any arrears since he had paid more than the total amounts due for child support.

As noted, the hearing date for both motions was January 18, 2011. The minute order for that date reflected that appellant and Medina appeared in room 300 and met with the Department's representative, but they did not make a formal appearance before the trial court. Both motions were continued to February 8, 2011, at 8:00 a.m., in department F, for hearing before Commissioner McKnight or other assigned judicial officer.

On February 8, 2011, the parties appeared for the hearing of the two motions. Commissioner James L. Compton was presiding in place of Commissioner McKnight on that date. Commissioner Compton heard evidence, including testimony from both appellant and Medina, and decided the Department's motion to modify appellant's child support obligation. Specifically, appellant's support obligation for Rebecca was modified to $365 per month. Commissioner Compton continued the hearing of appellant's motion regarding arrears to March 1, 2011, at 8:00 a.m., in department F, "before the Hon. Ralph McKnight, Jr., or other assigned judicial officer." (Capitalization omitted.) The purpose of the continuance was to allow appellant to gather additional bank records to substantiate payments he made to Medina.

On March 1, 2011, neither parent appeared at the hearing and Commissioner McKnight continued the matter to March 15, 2011.

On March 15, 2011, both parents and the Department appeared for appellant's motion to modify the amount of arrears. After presenting evidence of the payments made by him to Medina, appellant claimed that he overpaid child support in the amount of $5,700 and, thus, he had zero arrears. Medina asked the trial court to deny credit for the extra amounts paid, since there was no agreement that such amounts were to be an offset toward his future child support obligation each month.

In explaining his ruling from the bench, Commissioner McKnight (also referred to herein as the trial court) credited appellant with certain payments that had not been included in the Department's calculations. With respect to other amounts that were paid over and above the court-ordered child support, the trial court found that there was no evidence that such payments were intended to be credited against future child support due. Rather, the supplemental amounts were intended as occasional gifts. Nevertheless, "in light of the good faith . . . demonstrated by paying in excess of the court-ordered amount," the trial court ordered that the accounting of arrears would show a zero balance at the end of January 2009, coinciding with the timeframe that appellant stopped making regular payments. Beginning February 2009, the amount of arrears due would be based on "whatever amount of monies were not paid up to" the court-ordered monthly amount due "from that point forward." A formal "ORDER AFTER HEARING" was filed on March 30, 2011, and the Department was ordered therein to "adjust its account [concerning arrears] accordingly."[2]

On April 11, 2011, appellant filed a motion to set aside the trial court's order determining arrears. The ground for appellant's motion was that he had not been properly advised of his right to object to having a commissioner decide the matter. The hearing on the set-aside motion was held on May 17, 2011, before Commissioner McKnight. Appellant and his attorney appeared at the hearing, along with Medina and the Department. Appellant's attorney stated that appellant did not attend the prehearing video presentation that was used by the family law court to advise all parties, prior to convening the child support calendar, that they have a right to object to a commissioner hearing their case. Appellant's attorney argued that absent an advisal and written waiver, the rulings of the commissioner would not be binding on appellant.[3] The trial court summarized appellant's position as an "[o]ffer of proof" that

---

[2] The Department's adjusted, recalculated amount of arrears was not part of the record on appeal.

[3] Appellant's attorney also questioned whether Commissioner McKnight was the proper judicial officer to hear the set-aside motion.

appellant did not appear, as directed, at 8:00 a.m. and listen to the video instruction. Appellant's attorney replied that appellant did not attend the video because he was told by someone to report directly to the third floor. Medina then testified that appellant had watched the video in her presence prior to an earlier hearing: "[W]e all watched the video before." The attorney responded to Medina's assertion, claiming that being advised before an earlier hearing would not count as an advisement regarding a later hearing.

Prior to ruling on the motion to modify arrears, the trial court noted that section 4251 requires child support proceedings to be referred to a commissioner who shall hear the case in the absence of an objection. The trial court noted further that in Kern County, parties to child support proceedings are specially advised of these rights prior to support hearings, at 8:00 a.m., in an eight-minute video presentation. The trial court observed there were several occasions in which appellant would have heard that video, assuming he appeared at the required time and place for hearing. Further, the trial court pointed out that in the Department's notice of motion to modify child support, originally set for hearing on January 18, 2011, at 8:00 a.m., the written notice included a clear statement that the matter may be heard by a commissioner who would act as a temporary judge unless either party objected prior to the hearing. According to the trial court, when appellant filed his motion to modify arrears, he requested that it be heard at the same date and time, and in the same division, as the Department's motion, and therefore appellant *did* have notice of the procedure regarding commissioners and of his right to object, in connection with that hearing. Finally, it was noted by Commissioner McKnight that when people appear before him in court, his capacity as a commissioner is conspicuous: there is a plaque in front of him that says, "Ralph L. McKnight, Junior, Commissioner." Under all of the circumstances, the trial court found that appellant was fully aware of his right to object to having a commissioner decide the matter, rather than a judge, but appellant failed to object until after the ruling was made. Appellant's set-aside motion was denied at the May 17, 2011, hearing. On June 17, 2011, the trial court's order after hearing was filed.

Appellant's timely appeal followed.

## DISCUSSION

### I.   *The Commissioner Properly Heard This Matter as a Temporary Judge*

Appellant contends that he was not properly advised of his statutory right to object to a commissioner acting as a temporary judge and deciding his motion to modify child support arrears; therefore, the trial court's order on that motion should have been set aside. We review a trial court's denial of an

application to set aside an order under the abuse of discretion standard. (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229–230 [70 Cal.Rptr.3d 881]; *In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138 [63 Cal.Rptr.2d 894].) Questions of law, including application and interpretation of statute, are reviewed de novo. (*Holmes v. Jones* (2000) 83 Cal.App.4th 882, 888 [100 Cal.Rptr.2d 138].)

■ We begin with an overview of the applicable statutory procedure. Child support matters, such as this, are referred to a commissioner. (§ 4251, subd. (a); *County of Sacramento v. Llanes* (2008) 168 Cal.App.4th 1165, 1172 [86 Cal.Rptr.3d 158].) Section 4251, subdivision (b), provides in relevant part: "The commissioner *shall act* as a temporary judge unless an objection is made by the local child support agency or any other party." (Italics added.)
■ If a party objects to the commissioner acting as a temporary judge, the commissioner is still empowered to hear the matter, make findings of fact and issue a recommended order. (§ 4251, subd. (c).) If there is no objection to the recommended order within 10 court days, a judge shall ratify it as the order of the court. If a timely objection is made to the recommended order, then the party is entitled to a hearing de novo before a judge. (*Ibid.*) As a result of the statutory scheme, a party must object twice to earn a trial de novo before a judge—first, to the commissioner acting as a temporary judge and, second, to the commissioner's recommendation. (*County of Orange v. Smith* (2002) 96 Cal.App.4th 955, 961 [117 Cal.Rptr.2d 336].)

Section 4251, subdivision (b), provides for the parties to be notified of their right to object. It states, in relevant part: "The Judicial Council shall develop a notice which shall be included on all forms and pleadings used to initiate a child support action or proceeding that advises the parties of their right to review by a superior court judge and how to exercise that right. The parties shall also be advised by the court prior to the commencement of the hearing that the matter is being heard by a commissioner who shall act as a temporary judge unless any party objects to the commissioner acting as a temporary judge."[4]

To recapitulate appellant's motion to set aside the order regarding arrears, appellant claimed that he was not advised in compliance with section 4251, subdivision (b), of his right to object to a commissioner acting as a temporary judge regarding his child support arrears matter. He stated that he did not appear at the 8:00 a.m. prehearing video presentation, which was the trial court's standard method of informing parties to child support proceedings of their right to object to a commissioner acting as a temporary judge on their

---

[4] Code of Civil Procedure section 259, subdivision (f), similarly provides that a court commissioner shall have the power to "[h]ear actions . . . to establish or enforce child and spousal support pursuant to subdivision (a) of Section 4251 of the Family Code."

case. In addition, the form notice that appellant used in connection with his motion concerning arrears did not contain language advising all parties of their right to review by a superior court judge and how to exercise that right. At the hearing, the trial court considered all the evidence and found that appellant was adequately notified and "well aware" of his right to object to the matter being decided by a commissioner because of, among other things, the express written notice advising him of that fact as set forth in the Department's concurrently set motion *and* the several prior hearings in which appellant would have heard the video presentation explaining his right to object. (See Evid. Code, § 664 [official duties presumed to have been regularly performed].)

We agree there was substantial evidence that appellant was fully aware of his right to object to a commissioner acting as a temporary judge on his arrears motion, and in regard to that finding by the trial court we do not reweigh the evidence or second-guess the trial court's credibility determination when (as here) it is supported by substantial evidence. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925–926 [101 Cal.Rptr. 568, 496 P.2d 480]; *Huang v. Board of Directors* (1990) 220 Cal.App.3d 1286, 1294 [270 Cal.Rptr. 41].) In light of appellant's actual awareness of his rights, as found by the trial court, we conclude the commissioner was authorized to hear and decide appellant's motion. Moreover, even if error occurred, appellant has failed to demonstrate that *prejudice* resulted from the purported failure on the part of the trial court to fully comply with the statutory notification procedures in section 4251, subdivision (b). (*County of Orange v. Smith, supra,* 96 Cal.App.4th at p. 961 [asserted statutory error under § 4251, subd. (b), not prejudicial where party was aware of right to object].)[5] Indeed, the evidence showed there was no prejudice because—as found by the trial court—appellant knew of his right to object but proceeded to allow the commissioner to hear and decide the matter. Even if that were not the case, appellant had the affirmative burden to demonstrate the existence of reversible error. (*San Joaquin Raptor/Wildlife Rescue Center v. County of Stanislaus* (1996) 42 Cal.App.4th 608, 626 [49 Cal.Rptr.2d 494].) Where, as here, there was a purported procedural error based on failure to comply with a statute, we would reverse the judgment only if the appealing party had shown that it was reasonably probable that a result more favorable to him would have been reached in the absence of the error. (*In re Marriage of Jones* (1998) 60 Cal.App.4th 685, 694 [70 Cal.Rptr.2d 542]; Code Civ. Proc., § 475.) Appellant has not met that burden.

---

[5] As is evident from the holding in *County of Orange v. Smith, supra,* 96 Cal.App.4th at pages 961 to 962, where there is actual awareness of the parties' right to object to the commissioner acting as temporary judge, an alleged error in connection with the statutory notification requirement is not jurisdictional and we reverse only if prejudice is shown.

■ In passing, we observe that appellant's opening brief included citations to article VI, section 21 of the California Constitution, but without any meaningful legal argument explaining how that section supported his position. Because there was no legal analysis presented on that issue, we find it to be forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 [46 Cal.Rptr.2d 119].) Even if the point had not been forfeited, the cited constitutional provision would not compel a different result here. Article VI, section 21, of the California Constitution requires a stipulation before a commissioner may act as a temporary judge to determine a cause.[6] Even assuming for the sake of argument that this constitutional provision is applicable to the present context of child support enforcement proceedings in which the Department is providing services (see, e.g., §§ 4250–4252), we note the stipulation requirement is deemed satisfied by conduct from which it may be *implied* (*Estate of Fain* (1999) 75 Cal.App.4th 973, 988–989 [89 Cal.Rptr.2d 618]; *In re Courtney H.* (1995) 38 Cal.App.4th 1221, 1227 [45 Cal.Rptr.2d 560] [implied or tantamount stipulation is sufficient]; *Foosadas v. Superior Court* (2005) 130 Cal.App.4th 649, 655 [30 Cal.Rptr.3d 358]). That was clearly the case here. ■ Under section 4251, subdivision (b), a child support commissioner's right to act as a temporary judge in a child support enforcement hearing is established in the absence of timely objection. That is, a failure to object by a party with notice of his or her right to do so manifests an implied consent to have the matter heard by a commissioner. Here, as indicated above, the evidence was sufficient to show appellant's actual knowledge of his right to object to a commissioner hearing his motion, yet he failed to object and in fact allowed the commissioner to hear and decide the support arrearages. We conclude no constitutional error is apparent, even if appellant had not forfeited the argument.

■ For all of these reasons, we conclude that appellant's motion concerning child support arrears was properly ruled on by Commissioner McKnight, who had authority to act as a temporary judge in regard to that matter. Therefore, the trial court—i.e., Commissioner McKnight—did not abuse discretion or otherwise act in excess of jurisdiction in making that order or in failing to set it aside upon appellant's subsequent motion.

## II. *The Commissioner Did Not Err in Hearing the Motion to Set Aside*

Appellant contends that even if a commissioner had authority to rule on his motion regarding child support arrears, appellant's motion to set aside that

---

[6] The same requirement is set forth in Code of Civil Procedure section 259, subdivision (d), as part of the statute which summarizes the powers and duties of court commissioners. Appellant also briefly mentioned this statute, but provided no legal analysis or nonperfunctory discussion.

order was an entirely new matter to which section 4251 was not applicable. He claims the motion to set aside should not have been heard by the same commissioner, and that he (appellant) did not separately waive his right to a judge or stipulate to the commissioner hearing the motion to set aside.

■ We reject each of these arguments. The motion to set aside related directly to the prior child support arrears order; therefore, section 4251 was likewise applicable regarding the motion to set aside. As stated by the Department, "[a]n order setting aside the very order the Department is enforcing is an action regarding [child support] enforcement." As to the same commissioner hearing the latter motion, that was appropriate in light of considerations of sound judicial policy, efficiency and common sense that Code of Civil Procedure section 473 motions should be heard by the same judicial officer that rendered the challenged judgment or order. (*Orange County Dept. of Child Support Services v. Superior Court* (2005) 129 Cal.App.4th 798, 807 [28 Cal.Rptr.3d 877]; *Walker v. San Francisco Housing Authority* (2002) 100 Cal.App.4th 685, 693 [122 Cal.Rptr.2d 758].) Finally, Commissioner McKnight's power to hear appellant's motion to set aside the prior arrears order did not require a new or separate notification, stipulation or waiver of a right to a judge. To the extent there was proper authority for Commissioner McKnight to hear the motion determining arrears, and we hold there was such authority in this case (see pt. I., *ante*), that same authority would extend to the motion to set aside since it was merely a followup or " 'progeny' " of the earlier hearing to determine arrears. (*Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1582–1583 [83 Cal.Rptr.3d 715]; see *McCartney v. Superior Court* (1990) 223 Cal.App.3d 1334, 1339 [273 Cal.Rptr. 250] [motion to set aside earlier determination was a "progeny" matter, so no new stipulation was needed].)

## III.   *Appellant's New Arguments Not Raised Below Were Forfeited*

■ For the first time, in his opening brief, appellant cites to Code of Civil Procedure sections 170.1 and 170.3 in an attempt to support his contention that Commissioner McKnight should not have heard the motion to set aside the arrears order. It is axiomatic that arguments not raised in the trial court are forfeited on appeal. (*People v. Catlin* (2001) 26 Cal.4th 81, 122–123 [109 Cal.Rptr.2d 31, 26 P.3d 357]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [72 Cal.Rptr.2d 232]; *Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 313 [109 Cal.Rptr.2d 154].) Moreover, objections on such grounds must be made at the "earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (Code Civ. Proc., § 170.3, subd. (c)(1).) We conclude that appellant's disqualification arguments are forfeited by his failure to raise them below.

## DISPOSITION

The judgment of the trial court is affirmed. Costs on appeal are awarded to the Department.

Hill, P. J., and Wiseman, J., concurred.