Filed 5/11/15  County of Los Angeles v. Floyd CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAREN LARUE FLOYD,<br><br>    Defendant and Appellant. | B251421<br><br>(Los Angeles County<br>Super. Ct. No. BY973123) |

APPEAL from an order of the Superior Court of Los Angeles County. Scott M. Gordon, Judge.  Affirmed.

Daren Larue Floyd, in pro per.

Alexandra Bauer, Chief Attorney, Tammy Nakada and Richard H. Kim, Legal Counsel for Plaintiff and Respondent.

_____

This appeal arises from a complaint filed against Daren Larue Floyd by the County of Los Angeles (County) seeking child support payments. Floyd objected to his case being heard by a commissioner rather than a judge. He contends his due process rights were violated when the trial court failed to comply with a 10-day deadline to issue a temporary order and schedule a de novo hearing after his objection was submitted. He requests we reverse the trial court's order. We decline to do so and affirm the challenged order.

## BACKGROUND

Floyd and Tiffany Wade are the parents of Wynter Sydney Floyd. The County sought child support payments from Floyd by way of a complaint filed on March 18, 2011, which Floyd answered on November 28, 2011. On February 10, 2012, the County moved for judgment. The matter was assigned to a commissioner. Floyd timely objected to the commissioner hearing the matter as a temporary judge. The commissioner issued her findings and recommendations under Family Code section 4251[1] on August 28, 2012. The commissioner recommended Floyd be ordered to pay monthly child support of $679 beginning September 1, 2012, and found he owed $11,543 in past child support for the period from April 1, 2011 to August 31, 2012.

On September 5, 2012, Floyd noticed an objection to the findings and recommendations issued by the commissioner and requested the matter be set for a de novo hearing before a superior court judge. A hearing for a case review was set in the judge's courtroom in the Superior Court on September 18, 2012, but it was taken off calendar because the parties failed to appear. However, there is no indication the parties were provided notice of the hearing. No further hearings were set. As a result, the commissioner issued a judgment regarding parental obligations on December 21, 2012.

Six months after his objection, on March 7, 2013, Floyd filed a request for a hearing to set aside the support order, contesting the judgment issued by the commissioner. Floyd once again sought a de novo hearing before a superior court judge.

---

[1] All further section references are to the Family Code unless otherwise stated.

On April 19, 2013, the commissioner transferred the matter to a superior court judge "to address procedural defects in the 09/18/12 non-appearance judicial review proceeding, among other issues." The hearing was initially set for May 15, 2013, but was later continued to July 10, 2013 by the assigned judge. On July 10, 2013, the judge conducted a trial de novo of the County's motion for judgment. The judge adopted the findings and recommendations of the commissioner issued on August 28, 2012, but modified them to require Floyd to pay child support of $679 per month beginning April 1, 2011, and $362 per month beginning May 1, 2012. Floyd was also to receive a $1,500 credit for direct payment of child support. Floyd timely filed his notice of appeal on September 16, 2013.

## DISCUSSION

In this appeal, we are faced with the question: what happens when a trial court fails to schedule a hearing de novo within 10 court days of a party's objection under subdivision (c) of section 4251?[2] This is a question of law which we decide de novo. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1035.)

Child support cases, such as this, are heard by commissioners. (§ 4251, subd. (a).) The commissioner acts as a temporary judge unless a party objects. (§ 4251, subd. (b).) "If any party objects to the commissioner acting as a temporary judge, the commissioner may hear the matter and make findings of fact and a recommended order. Within 10 court days, a judge shall ratify the recommended order unless either party objects to the recommended order, or where a recommended order is in error. In both cases, the judge shall issue a temporary order and schedule a hearing de novo within 10 court days. Any party may waive his or her right to the review hearing at any time." (§ 4251, subd. (c).) "In other words, one must object to a commissioner twice (before and after the

_____

[2]     Although subdivision (c) of section 4251 also requires a trial court to issue a temporary order within the 10 day period, Floyd does not challenge the trial court's failure to issue the temporary order in this case.

3

commissioner rules in the case) to have the matter reviewed by a superior court judge." (*County of Orange v. Smith* (2002) 96 Cal.App.4th 955, 961.)

It is undisputed Floyd made the necessary objections to obtain a de novo hearing. It is also undisputed that the hearing was not set within the 10-day time limit imposed under section 4251. Although a de novo hearing was timely set for September 18, 2012, the parties apparently did not receive notice of it and did not appear. After the initial hearing was taken off calendar, it is unclear from the record exactly when a new hearing was scheduled. The record shows the commissioner set a May 15 hearing date by order dated April 19, 2013. This hearing date was later continued by the judge to July 10. At the earliest, then, a hearing under section 4251 was scheduled on April 19, 2013. The county was ordered to give notice. As a result, there was a seven month delay between when the objection was filed and when the hearing date was set. From what we can discern from the record, the delay resulted from the parties failing to receive notice of the initial September 18, 2012 hearing before the judge and from Floyd's failure to file a request for a hearing for six months after he filed his objection to the commissioner's findings and recommendations. Indeed, Floyd waited another two months after the commissioner converted her findings and recommendations into a judgment before filing a request for hearing and application to set aside support order under Family Code section 3691.

Floyd urges us to adopt some rather extreme penalties for the delay. Aside from the fact that Floyd was responsible large portions of the delay, we decline to impose the sanctions he requests based simply on a scheduling delay. Floyd makes much of the fact that there was a 10 month delay between his objection to the commissioner's findings and recommendations and when the trial de novo was held. However, section 4251 merely dictates when the trial de novo is scheduled, not when it is held. It provides no guarantee Floyd would have received a hearing prior to July 10, 2013, even if his hearing had been timely scheduled.

4

Nevertheless, according to Floyd, the trial court's failure to comply with the 10-day scheduling deadline denied him due process of law and as a result, the judge should have dismissed the matter and required the County to file a new petition. Floyd submits the judgment was clearly erroneous and should be reversed. At a minimum, Floyd suggests, "so much of the court's order which required [him] to pay child support for the period prior to July 10, 2013 should be reversed."

Notably, Floyd fails to provide any legal support to justify the measures he proposes. He cites to no cases that have voided an order under section 4251 as a result of a delay. Neither does the statute itself provide any consequence for the failure to abide by the 10-day time limit. Floyd instead repeatedly asserts the delay violated his due process rights without explanation as to how it did so. In general, the essential elements of due process in judicial proceedings include jurisdiction, notice, and a fair hearing. (7 Witkin, Summary of Cal. Law (10th ed. 2005) Constitutional Law, §§ 640-641, pp. 1041-1042; *Connolly Development, Inc. v. Superior Court of Merced County* (1976) 17 Cal.3d 803, 829; *Gresher v. Anderson* (2005) 127 Cal.App.4th 88, 109.) Floyd does not contend he was not provided sufficient notice of the de novo hearing. Neither does he contend the hearing was conducted unfairly. Certainly, the record contains no transcripts, which would be necessary to support any such argument. A very generous reading of Floyd's briefs leads us to conclude that his due process argument rests on the court's lack of jurisdiction.

The California Supreme Court has held, however, that "generally, requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. [Citations.]" (*Edwards v. Steele* (1979) 25 Cal.3d 406, 409-410 (*Edwards*).) The high court explained, "'the "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates. [Citations.]'" (*Id.* at pp. 409-410.)

5

The court reasoned, "seemingly mandatory language need not be construed as jurisdictional where to do so might well defeat the very purpose of the enactment or destroy the rights of innocent aggrieved parties. [Citations.] In other words, the provision at issue may be considered mandatory only in the sense that the board 'could be mandated to act if it took more time than the short period allotted.'" (*Edwards,* at p. 412.) Thus, where a time limit is directory, the plaintiff's "sole remedy for delay is traditional mandamus which lies 'to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station. . . .' (Code Civ. Proc., § 1085.)" (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1146 (*Peace Officers Assn.*).)

Given these guidelines, we are convinced the time limit imposed under section 4251, subdivision (c) is merely directory, not mandatory. The statute fails to provide for any consequence or penalty if the deadline is not met.[3] Moreover, it would "destroy the rights of innocent aggrieved parties"—in this case, Floyd's daughter, Wynter—if we were to find the court lacked jurisdiction to order child support payments as a result of the delay. In any case, we have noted that the statute directs the court to "issue a temporary order and schedule a hearing de novo within 10 court days." Nothing in the statute requires the actual hearing to occur within a specified period of time. By failing to impose a deadline to *hold* the hearing or to issue a ruling, it is reasonable to assume the Legislature did not intend to deprive the court of all jurisdiction to order child support if it fails to meet a scheduling deadline.

Floyd also contends the assigned judge had no authority to adopt the final judgment issued by the commissioner on December 21, 2012, since Floyd's objection rendered it null and void. In short, he contends the commissioner had no authority to issue a final judgment since that authority was reserved for a temporary judge and she

---

[3] By contrast, as pointed out in *Peace Officers Assn.,* a good example of language creating a mandatory time deadline is Code of Civil Procedure section 660, which provides that if the court fails to rule on a motion for new trial within the prescribed 60 days, "'the effect shall be a denial of the motion without further order of the court.'" (*Peace Officers Assn., supra,* 10 Cal.4th at pp. 1147-1148,

6

could not be one in this matter. Floyd mischaracterizes the judge's action. The judge adopted some of the commissioner's findings and recommendations, which he was permitted to do under section 4251. That the commissioner also transformed her findings and recommendations into a judgment does not affect the validity of the judge's order. Floyd is correct in characterizing the commissioner's judgment as null and void. This is because it was superseded by the judge's de novo hearing.

"A hearing de novo literally means a new hearing, or a hearing the second time. [Citation.] Such a hearing contemplates an entire trial of the controversial matter in the same manner in which the same was originally heard. It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. It differs, therefore, from an ordinary appeal from an inferior to an appellate body where the proceedings of the hearing in the inferior court are reviewed and their validity determined by the reviewing court. A hearing de novo therefore is nothing more nor less than a trial of the controverted matter by the court in which it is held. The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter." (*Collier & Wallis, Ltd. v. Astor* (1937) 9 Cal.2d 202, 205.)

The fact that the commissioner's judgment is a nullity does not mean that the judge was prohibited from adopting her findings and recommendations. In the de novo trial, the judge was faced with the same facts and issues that were before the commissioner. It is not surprising that he agreed with some of her conclusions. However, he did not adopt them wholesale. In an indication that the trial truly was de novo, the judge modified the commissioner's monthly child support calculation, cutting it almost by half. Floyd does not challenge the substance of the judge's order.

**DISPOSITION**

The order dated July 10, 2013 is affirmed.


BIGELOW, P.J.

We concur:


RUBIN, J.


GRIMES, J.