Filed 12/21/20  Marriage of Zucca CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of MAGDALENA WULLERT-ZUCCA and FERNANDO ZUCCA. | |
| MAGDALENA WULLERT-ZUCCA, Appellant, v. FERNANDO ZUCCA, Respondent. | G057565 (Super. Ct. No. 14D011212) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Salvador Sarmiento, Judge.  Affirmed.

Magdalena Wullert-Zucca, in pro. per., for Appellant.

Fernando Zucca, in pro. per., for Respondent.

\*       \*       \*

Magdalena Wullert-Zucca (Magdalena) appeals from an order modifying the amount of temporary spousal support paid to her by Fernando Zucca (Fernando).[1] She raises two issues on appeal. First, she contends the court lacked jurisdiction to make the modification because a child support commissioner should have heard the matter. Second, she alternatively claims substantial evidence did not support the court's finding of changed circumstances justifying a modification of temporary spousal support.

We disagree with Magdalena's first contention. Contrary to Magdalena's assertion, the court *did* transfer the matter to a child support commissioner, and a commissioner *did* hear the matter but determined she did not have jurisdiction to adjudicate the issue. Magdalena waived any error by failing to object to the commissioner's jurisdictional ruling or the court's subsequent adjudication of the support issue. With respect to her second contention, the evidence of Fernando's change of income due to unemployment was in conflict. But any error was harmless. Under any view of the evidence, the modification of temporary spousal support was supported by the evidence and no abuse of discretion has been shown. Accordingly, we affirm the order.

FACTS

In December 2014, Magdalena filed a petition for dissolution of marriage. Following a trial, Child Support Commissioner Barry S. Michaelson awarded child and spousal support payments to Magdalena in July and August 2017. Among other things, Commissioner Michaelson ordered Fernando to pay $2,000 per month in temporary spousal support effective July 1, 2016.

---

[1] We refer to the parties by their first names for ease of reading and clarity; no disrespect is intended.

2

In January 2018, Judge Salvador Sarmiento granted Fernando's request to bifurcate the status of the marriage from the remaining issues and entered a judgment of dissolution terminating the parties' marital status as of December 15, 2017. The court reserved jurisdiction over all other issues.

In May 2018, Fernando filed a request for an order (RFO) to modify temporary spousal support based on changed circumstances. Among other things, he argued Commissioner Michaelson's prior order requiring him to pay $2,000 per month in temporary spousal support should be reduced because he was unemployed for a period of time starting on August 26, 2017─a date that is central to this appeal. While the prior order determined his income was $4,000 per month, he claimed his current income at the time of the filing was $2,960 per month. Magdalena filed a responsive declaration in August 2018. She argued there were no changed circumstances because Fernando was also unemployed at the time of the prior order.

After several continuances, the hearing on the RFO was transferred to Judge Nathan T. Vu with the case otherwise remaining assigned to Judge Sarmiento. In November 2018, Judge Vu continued the matter to January 2019 in Department L51 where the original Department of Child Support Services (DCSS) order on temporary support had been heard. The minute order stated, "The Request for Order . . . is continued to January 8, 2019 at 8:00 a.m. in Department L51 on the issue of modification of the temporary spousal support that was heard before [DCSS], pursuant to [Family Code section] 4251."

In January 2019, Fernando filed a supplemental declaration in support of the RFO and provided his 2017 tax return. He also filed an income and expense declaration claiming his income was $3,780 per month and his expenses were $3,625 per month.

Pursuant to Judge Vu's transfer, Commissioner Paula Coleman held a hearing and advised the parties she was sitting as a temporary judge and would determine

3

the issues unless objected to, in which case, she would preside as a referee. According to the minute order, the parties did not object, and the matter proceeded before Commissioner Coleman presiding as a temporary judge. But Commissioner Coleman then advised the parties she did "not have jurisdiction to modify spousal support as status of dissolution ha[d] been entered." She transferred the matter to Judge Sarmiento.

At the subsequent hearing on the RFO in February 2019, Fernando testified he "believe[d]" he was unemployed starting in March 2018. This date differed from the August 2017 date he provided in the RFO. He testified that he believed he had received unemployment compensation for about six months starting in April 2018 but he "would have to check." He also testified he was employed again with an average income of about $4,000 per month.

In March 2019, Judge Sarmiento issued an order and found a change of circumstances based on all of the evidence. The court noted Fernando testified he lost his job prior to filing the RFO in May 2018, "receiv[ed] unemployment compensation for a period," and had secured a new job as of October 2018 earning around $4,000 a month. The court did not receive any evidence of his income during his unemployment nor of Magdalena's income. The court accordingly reduced spousal support to zero for the period June 2018 through October 2018 and further ordered $1,350 in spousal support commencing on November 1, 2018 with half the amount due on the first of each month and the other half due on the fifteenth of each month. Magdalena filed a notice of appeal in April 2019.

DISCUSSION

Magdalena contends Judge Sarmiento did not have authority to modify temporary spousal support; instead, a child support commissioner should have heard the matter. She argues a commissioner should have adjudicated the issue because "the

4

[DCSS] made previous pendente lite spousal support order and the Department has been enforcing the order." She alternatively argues substantial evidence did not support Judge Sarmiento's order reducing spousal support to zero for the period June 2018 through October 2018. We disagree with Magdalena's first contention and conclude any error made in consideration of the evidence was harmless.

*The court had jurisdiction to rule on Fernando's RFO.*

Because Magdalena's contention regarding the court's jurisdiction concerns the application of Family Code section 4251, we apply the de novo standard of review.[2] (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1035.) Section 4251 provides that all proceedings initiated by the local child support agency "to establish, modify, or enforce child or spousal support" and all proceedings initiated "by a party other than the local child support agency to modify or enforce a support order established by the local child support agency" "shall be referred for hearing to a child support commissioner unless a child support commissioner is not available due to exceptional circumstances." (*Id.*, subd. (a).) The commissioner "shall act as a temporary judge unless an objection is made by the local child support agency or any other party." (*Id.*, subd. (b).) The court is required to advise the parties "that the matter is being heard by a commissioner who shall act as a temporary judge unless any party objects to the commissioner acting as a temporary judge." (*Ibid.*)

The "exceptional circumstances" under which a judge (rather than a child support commissioner) can hear one of the above-mentioned proceedings include: "(1) The failure of the judge to hear the action would result in significant prejudice or delay to a party including cost or loss of work time; [¶] (2) Transferring the matter to a commissioner would result in undue consumption of court time; [¶] (3) Physical

---

[2]     All further statutory references are to the Family Code.

5

impossibility or difficulty due to the commissioner being geographically separate from the judge presently hearing the matter; [¶] (4) The absence of the commissioner from the county due to illness, disability, death, or vacation; and [¶] (5) The absence of the commissioner from the county due to service in another county and the difficulty of travel to the county in which the matter is pending." (Cal. Rules of Court, rule 5.305.)

Here, Fernando sought to modify a temporary spousal support order established by a child support commissioner. The court initially complied with section 4251. Pursuant to the statute, Judge Vu transferred the matter to child support Commissioner Coleman. Commissioner Coleman started the hearing and advised the parties she would be sitting as a temporary judge unless there were an objection. Neither of the parties objected to her proceeding as a temporary judge, but Commissioner Coleman then decided to transfer the matter to Judge Sarmiento, concluding she did not have jurisdiction to modify spousal support where the court had entered a judgment dissolving the status of marriage.

The basis for commissioner Coleman's ruling is puzzling. The parties have not cited any authority suggesting that entry of a judgment dissolving the status of marriage renders section 4251 inapplicable, and we have found none. But even if the ruling was erroneous as a procedural matter, it is nevertheless true that the court retained fundamental jurisdiction to adjudicate the support issue. That exceptions exist, by which the child support commissioner need not hear the matter, makes clear that section 4251 does not oust the court of its fundamental jurisdiction. At most, the purported error here was a procedural irregularity, not a jurisdictional defect.

In any event, the asserted procedural irregularity does not constitute reversible error for two reasons. First, Magdalena waived the irregularity by not objecting below to Judge Sarmiento hearing the matter, and second, she has not demonstrated any prejudice.

6

Based on the record on appeal, it does not appear that Magdalena ever objected to the commissioner's jurisdictional ruling or to Judge Sarmiento thereafter proceeding to determine the support issue framed by the RFO.  A bedrock principle of appellate practice is that a reviewing court "'will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method . . . .  The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . .  Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial.'"  (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.)  If Magdalena wished to have the support issue decided by a commissioner, she should have raised the objection before the court adjudicated the matter.  She cannot wait to see how she fares before objecting to the forum.  By waiting, she waived any error.

Finally, another bedrock principle of appellate practice, grounded in the constitution, is that no ruling of a trial court is reversible unless the asserted error was prejudicial.  "Under the California Constitution, a judgment is reversible only if prejudicial error is established."  (*Silva v. See's Candy Shops, Inc*. (2016) 7 Cal.App.5th 235, 258; see Cal. Const. art. VI, § 13 ["No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].)  Magdalena has not attempted to demonstrate that she suffered prejudice because Judge Sarmiento heard the matter rather than a child support commissioner.

7

*The court's reliance on Fernando's oral testimony to establish his dates of unemployment was not prejudicial.*

Magdalena next contends the court's order reducing temporary spousal support to zero for the period from June 2018 through October 2018 was unsupported by substantial evidence.  She suggests the court relied on Fernando's incorrect oral testimony that he was unemployed for about six months starting in April 2018.  Fernando concedes he provided incorrect unemployment dates at the hearing on the RFO.  Based on his testimony, he notes "one might suspect that his period of unemployment was April to September 2018 while the correct dates are August 2017 to March 2018."  Despite this error, he claims the court did not base its decision solely on the oral testimony and notes that the RFO correctly indicated that he received unemployment benefits starting on August 26, 2017.  According to Fernando, there is "no evidence that the [c]ourt ignored the overwhelming evidence in the pleadings and based the decision on the erroneous testimony."  He further argues his unemployment was only one of many income-related issues the court considered.

A family law court has discretion to modify a temporary spousal support award based on a finding of changed circumstances.  (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 104.)  We review the court's modification decision for an abuse of discretion.  (*Ibid.*)  "We [also] determine whether factual findings are supported by substantial evidence, and if so, affirm if any reasonable judge could have made such an order."  (*Ibid.*)  The issue presented in the instant case is whether the court's finding of changed circumstances is supported by substantial evidence.

Here, the court found changed circumstances warranting a modification of spousal support because of Fernando's unemployment.  The ruling also suggests the court relied on Fernando's oral testimony and the unemployment dates he provided at the hearing.  The ruling stated, "[Fernando] filed this matter on May 31, 2018.  He *testified* he lost his job prior to the filing of the RFO.  He was receiving unemployment

8

compensation for a period and is now back working. *He obtained his new job in October of 2018* earning close to $4,000 per month. Court received no evidence as to income during unemployment. Court received no competent evidence regarding mother's income. [¶] Court finds change has occurred since the previous spousal support order." (Italics added.) Given these statements, it is apparent the court relied on Fernando's testimony, and reduced spousal support to zero for the period corresponding roughly to Fernando's testimony (June 2018 through October 2018) rather than the unemployment dates provided in his RFO (August 26, 2017 through March 17, 2018). According to Fernando's oral testimony he was unemployed for about six months starting in April 2018. According to exhibit 8 to his RFO, he was unemployed for the approximate seven-month period from August 26, 2017 through March 17, 2018.

This conflict in the evidence leads to three possibilities: (1) The oral testimony was correct and the actual period of unemployment was thus six months; (2) Exhibit 8 to Fernando's RFO was correct and the actual period of unemployment was thus just under seven months; or (3) Both the oral testimony and exhibit 8 were correct, resulting in non-overlapping periods of unemployment totaling about 13 months. The court clearly intended to pause spousal support for a period corresponding to what it perceived to be six months of unemployment. Magdalena does not argue that the court abused its discretion in reducing spousal support for the period of unemployment. She argues instead that the court erred by using what she contends are the incorrect dates of unemployment to which Fernando testified. But Magdalena does not show that the court's use of the incorrect dates of unemployment caused her any prejudice. Under any of the three possible views of the evidence, Fernando was unemployed for a minimum of six months, and that is the length of time spousal support was paused. Had the court relied exclusively on exhibit 8 to Fernando's RFO, the pause in spousal support would

9

have been some three weeks longer.  Thus, Magdalena has failed to demonstrate prejudicial error.  Accordingly, we must affirm the order.[3]

### DISPOSITION

The order is affirmed.  Fernando is awarded his costs incurred on appeal.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

---

[3] In her reply brief, Magdalena argues the court abused its discretion in reducing the spousal support to $1,350 per month following the pause.  "[W]e will not consider matters raised for the first time in the reply brief."  (*Sachs v. Sachs* (2020) 44 Cal.App.5th 59, 66.)

10