Filed 3/27/23  Anderson v. Zielomski CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL D. ANDERSON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICK ZIELOMSKI,<br><br>    Defendant and Appellant. | B317200<br><br>Los Angeles County<br>Super. Ct. No. GC050036 |

APPEAL from an order of the Superior Court of Los Angeles County, John P. Doyle, Judge.  Affirmed.

The Perry Law Firm and Chris J. Hoo for Defendant and Appellant.

Anderson & Associates and Michael D. Anderson for Plaintiff and Respondent.

Michael D. Anderson obtained a default judgment against Rick Zielomski in 2012. Almost a decade later, Zielomski moved to set aside the judgment because the proof of service listed two dates of attempted service in 2020, rather than 2012. The trial court denied the motion. On appeal, Zielomski argues the proof of service and judgment are facially void for fraud. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, attorney Michael D. Anderson filed a complaint against his former client, Rick Zielomski, to recover unpaid legal fees and costs. Three months later, Anderson filed a request for default judgment, along with a copy of the proof of service of the summons and complaint.

Anderson attached to the proof of service an affidavit of due diligence, which the process server signed on September 4, 2012. The affidavit states the process server attempted to serve Zielomski at his home on "08/30/20" and "08/31/20." According to the affidavit, on "09/01/12," the process server left a copy of the documents at Zielomski's house with " 'JOHN DOE', CO-OCCUPANT, White, Male, 60 Years Old, Gray Hair, 6 Feet, 175 Pounds." The process server mailed a copy of the documents to Zielomski three days later.

On November 28, 2012, the trial court entered default judgment against Zielomski for $96,232.75. Zielomski paid Anderson around $50,000 towards the judgment over the next few years, but he stopped making payments in 2015.

In 2021, Anderson filed an application for order for sale of real property foreclosing upon a judgment lien. Zielomski responded by filing a motion to vacate and set aside the default and default judgment. According to the motion, Zielomski was

2

never served with a copy of the summons and complaint and did not have actual notice of the litigation. Zielomski claimed the process server could not have served the summons and complaint on "John Doe" because no one with that description lived at his house and the front gate was locked at the time.

The court denied the motion on October 7, 2021. The court explained the motion was untimely to the extent Zielomski sought to set aside the default judgment under Code of Civil Procedure section 473.5.[1] Further, the court declined to grant the motion under section 473 because the judgment was not void on its face.

About a month later, on November 3, 2021, Zielomski filed a second motion to set aside and vacate the default and default judgment. This time, Zielomski claimed the judgment is void because the proof of service "is fraudulent on its face." Zielomski argued the proof of service is fraudulent because the process server stated in the affidavit he attempted service on two dates in 2020, eight years *after* the court entered default judgment. According to Zielomski, the "2020 dates cannot be excused as simple, harmless clerical errors or typos. Clearly, the Process Server never went to the property, never attempted to serve Defendant, and never served Defendant. It is asserted the Process Server *Googled* dates and then entered them."

The court denied the motion on the basis that Zielomski failed to establish by a preponderance of the evidence the proof of service is fraudulent. Zielomski timely appealed.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

## DISCUSSION

Zielomski argues the trial court erred in denying his second motion to set aside and vacate the default and default judgment.

Section 473, subdivision (d) allows a court to set aside a void judgment. A court may set aside a judgment under this provision if a party shows "extrinsic fraud or mistake exists, such as a falsified proof of service, and such a motion may be made at any time, provided the party acts with diligence upon learning of the relevant facts." (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180–181.) Alternatively, at any time, a court may set aside a judgment that is facially void. (*Id*. at p. 181.) Whether a judgment is facially void "does not hinge on evidence: A void judgment's invalidity appears on the *face of the record,* including the proof of service." (*Ibid*.)

We review an order denying a motion to vacate a default and set aside a judgment under section 473 for an abuse of discretion. (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Ibid*.) We review de novo, however, a trial court's determination that a default judgment is or is not void. (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752.) Nevertheless, "we will not disturb the trial court's factual findings where . . . they are based on substantial evidence. It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828.) "Questions of law, including [the] application and interpretation of [a] statute" are subject to our independent review. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1035.)

4

Zielomski contends the fact that the process server listed "08/30/2020" and "08/31/2020" on his affidavit renders the proof of service "facially void for fraud." He posits the 2020 dates show the process server never attempted service, but instead "*Googled* convenient-looking dates and then entered them after-the-fact." The smoking gun, according to Zielomski, is the fact that, if the year is changed from 2020 to 2012, the "*days* [Thursday and Friday] of the dates [August 30 and 31] . . . for purported Attempts at Service line up perfectly for a purported Saturday Substituted Service" on September 1, 2012. Zielomski insists this is proof the "date manipulation was purposeful, if not strategic," rather than a harmless typographical error.

Unlike Zielomski, we see nothing noteworthy, let alone nefarious, about the fact that August 30 and 31 immediately preceded September 1 in the year 2012. Nor are we at all troubled by the fact that, if September 1, 2012 fell on a Saturday, then August 30 and 31, 2012 would have fallen on a Thursday and Friday, respectively. Indeed, this is how the Gregorian calendar works.

We also are at a loss to understand how the inclusion of dates from 2020 proves the process server "Googled" them after the fact. Perhaps Zielomski's argument would have some appeal if Anderson had filed the affidavit in 2020. Anderson, however, filed it in November 2012.

Contrary to Zielomski's suggestions, it is readily apparent —and beyond serious dispute—the 2020 dates on the affidavit are merely typographical errors. Zielomski, however, provides no authority, nor have we uncovered any in our independent research, stating a typographical error in an affidavit attached

5

to a proof of service renders the proof of service and any resulting default judgment facially void.

Zielomski alternatively argues that, even if the process server did not deliberately falsify the affidavit, the inclusion of the 2020 dates nevertheless constitutes extrinsic fraud or mistake. He contends, for purposes of a section 473, subdivision (d) motion, extrinsic fraud or mistake includes "all circumstances that deprive an adversary of fair notice of hearing whether or not those circumstances would qualify as fraudulent or mistaken in the strict sense." While that may be true, Zielomski fails to explain how the incorrect dates on the affidavit deprived him of fair notice of hearing or otherwise prejudiced him. Accordingly, he has not shown the errors provide grounds for setting aside the judgment.

Finally, Zielomski contends the trial court erroneously refused to consider his evidence, and instead denied his motion on the basis that it was an improper request for reconsideration. The record belies this claim. Although the court noted Zielomski's second motion was essentially a motion for reconsideration, it did not indicate it denied the motion on that basis. To the contrary, the court stated it denied the motion because it found Zielomski failed to establish the proof of service is fraudulent. Moreover, the court explicitly stated in its minute order that it had "reviewed the evidence, including the evidence provided in connection with Defendant's prior motion . . . ."

6

## DISPOSITION

The order is affirmed.  Michael D. Anderson shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


LAVIN, J.