Filed 7/30/25  Vital Building & Enterprises v. Boisvert CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>VITAL BUILDING & ENTERPRISES, INC., et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>RENE BOISVERT,<br><br>    Defendant and Appellant.</td><td>A172431<br><br>(Alameda County<br>Super. Ct. No. RG21087720)</td></tr>
</table>

Defendant and judgment debtor Rene Boisvert appeals from the Alameda County Superior Court's November 12, 2024 post-judgment order granting an ex parte motion by plaintiffs and judgment creditors Vital Building & Enterprises, Inc. (Vital) and Aaron Vitale[1] (collectively, the Vital parties) for an order that a third party, Matthew Haley, former counsel for Boisvert in another action, turn over to the Vital parties $145,769.52 Haley was holding on Boisvert's behalf.

Seeing no merit to the appeal, we affirm.

---

[1] Appellate counsel represents in Vital's opening brief that Aaron Vitale passed away after Boisvert appealed from this order, that Mr. Vitale's estate remains the sole shareholder of Vital, and that the estate is currently in probate court.  Vital is the only respondent in this appeal.

# I. BACKGROUND

## A. *The Judgment and Initial Assignments*

In 2022, the superior court confirmed an arbitration award in favor of the Vital parties and against Boisvert and Kaso, LLC (collectively, the Boisvert parties) for damages, attorney's fees, and arbitration costs related to the Vital parties' general contractor work. The resulting judgment, when entered on July 14, 2022, was for $560,025.27.

Also in 2022, the Vital parties assigned that judgment to a third party, Eugene Kim. On March 6, 2024, Kim filed with the superior court an acknowledgement of his assignment of the judgment to another third party, Diana C. Guadalupe Chipana doing business as Wealth Recovery Solutions (Chipana).

## B. *The Judgment Debtor's Examination Hearing and Reassignments of the Judgment*

Two days later, on March 8, 2024, the superior court held a hearing on an application for an order for appearance and examination of a person, presumably Boisvert (the application is not contained in the record). The hearing had been continued multiple times. Chipana, identified as "Assignee," appeared by telephone, and Boisvert also appeared. The court's March 8, 2024 minutes and the resulting order state in relevant part, "The Court is in receipt of Defendant's documents requested by the Assignee. Assignee will pick up documents from the Court at 2:00 PM on 3/8/24. Assignee may re-subpoena Defendant and set another hearing on Order for Appearance and Examination if requested documents are not procured."

About three and a half months later, on July 29, 2024, Chipana filed with the court a reassignment of the judgment to Kim. On the same day, Kim filed an acknowledgement of reassignment of the judgment to the Vital parties.

2

## C. *The Vital Parties' Pursuit of Boisvert's Assets*

In August 2024, the Vital parties obtained a writ of execution from the superior court for the judgment plus interest, $674,218.36. They indicated the Boisvert parties had not paid anything towards the judgment.

Later that same month, on August 28, 2024, Boisvert, appearing pro se, filed a pleading entitled, "Request for Judicial Notice," in which he contended, without presenting any evidentiary support, that the judgment had been fully satisfied. He further contended that Chipana "did not show up" at the March 8, 2024 hearing, but that he did, with confidential documents in hand that were not "picked up" until "many weeks" later. He represented that one of these confidential documents was "a spreadsheet that showed—not only was the judgment 'satisfied in full'—but there was an overpayment of $102,628 that was to be re-paid back to the defendant." (Underscoring omitted.) Boisvert did not include any such spreadsheet in his August 28, 2024 filing.

On October 7, 2024, the Vital parties filed a motion for an order that Haley, in conjunction with a third-party examination of him, turn over assets he was holding on Boisvert's behalf. The Vital parties, referring to documents that they asked the court to take judicial notice of, contended that Kaso, LLC was a Wyoming limited liability company that had been administratively dissolved by the State of Wyoming; that Boisvert was on a statewide vexatious litigant list; that Haley was holding, on Boisvert's behalf, settlement funds paid to Boisvert in a separate action; and that Haley had recently been served with a writ of execution, notice of levy, and notice of judgment lien.

On November 1, 2024, the superior court denied the Vital parties' motion without prejudice because it was filed in conjunction with the third-party examination of Haley and, also, it referred to documents that had not

been filed or necessarily served on the other parties. The court further stated that an informal order of examination, apparently of Haley, would be conducted that day; that "Plaintiff to file ex parte after today's hearing"; that opposition to the ex parte was to be filed by November 6, 2024; that a reply was to be filed by November 8, 2024, and that a hearing on the ex parte filing was to be held on November 12, 2024. The court added, "All documents are to be filed, served, and courtesy copies emailed to Department 22."

Due to gaps in the record we have been provided, it is unclear what, if anything, the Vital parties submitted to the court in response to this directive.[2] Although the clerk's transcript designated by Boisvert and filed with this court does not contain an additional ex parte filing by the Vital parties, there are indications in the record that Boisvert and the court reviewed a written ex parte motion by the Vital parties seeking turnover of properties, and that that ex parte motion led to the order now under review, which was entered on November 12, 2024. We cannot tell whether the motion reviewed by the court and the parties was a renewed or different motion than the motion that was denied November 1, 2024, or was simply the same motion, in substance, properly served and emailed (or otherwise lodged with the court and thus showing no docket entry).

**D. *The November 12, 2024 Order***

On November 6, 2024, Boisvert filed "Defendant's Opposition to Plaintiff's Ex Parte Motion for Delivery of Property After Examination" and his own declaration. In his opposition, he cited specific pages and lines of an ex parte motion by the Vital parties. He contended the judgment had been

---

[2] We note that Boisvert also elected not to include any reporter's transcripts in the appellate record, further obscuring what may have occurred below.

4

satisfied in 2022 and the debt overpaid, and that plaintiffs were attempting to trick the court into ordering a double payment of the judgment. He based his contentions on a variety of legal arguments and factual representations, not all of which were supported by citations to law or fact, as well as on a variety of documents.

On November 8, 2024, the superior court issued a tentative ruling indicating its intention to grant the Vital parties' ex parte motion. Then, at the scheduled November 12, 2024 hearing, at which none of the parties appeared, the superior court adopted its tentative ruling. Specifically, it granted the ex parte motion in its entirety and ordered Haley to turn over $145,769.52, citing Code of Civil Procedure sections 699.040 and 708.205 (November 12, 2024 order).

The court found that the Vital parties had shown they were entitled to levy these funds under Code of Civil Procedure sections 708.120 and 699.040 because the funds were being held by Haley as payment to Boisvert in settlement of another action. It ruled the funds should be applied towards the 2022 judgment held by the Vital parties against the Boisvert parties.

The court further found that Kaso, LLC was dissolved by the State of Wyoming; that Boisvert's allegation that the debt had been satisfied in 2022 was not reflected in the evidence he offered; that Boisvert "is not a party, is self-represented, and accordingly may not represent Kaso LLC"; and that Boisvert was a vexatious litigant who had not obtained a prefiling order.

In addition, the court rejected contentions in Boisvert's opposition that the funds held by Haley were exempt from levy based on a September 27, 2024 "Claim of Exemption" (Claim). The court noted that there was no proof of service attached to the Claim and no mention by the Vital parties in their ex parte motion that they had received the Claim, raising a doubt for the

5

court as to whether it had ever been served.  The court also found that, contrary to Boisvert's contention, the Claim did not establish that the judgment debtors did not own the notice of levy property, as the Claim did not provide any information to support this conclusion.

### E. *The Court's Correction of Its November 12, 2024 Order*

One additional procedural event is pertinent here.  The record contains a December 13, 2024 superior court order denying a motion seeking reconsideration of the November 12, 2024 order,[3] which included a correction of the November 12 order as follows noted:  "The motion for reconsideration is denied.  The motion relies on alleged facts known to moving party prior to the motion that led to the underlying turnover order. . . . The Court does correct one statement in the turnover order.  Boisvert is a party in the action."

Boisvert filed a timely notice of appeal from the superior court's November 12, 2024 order.[4]

## II. DISCUSSION

Boisvert advances three main arguments and a scattershot series of secondary arguments in support of his appeal.

---

[3] Neither the reconsideration motion nor any opposition to it is contained in the record.

[4] The November 12, 2004 order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) as an order after judgment (see *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 [postjudgment order involving appellate issues different from those arising from an appeal of the judgment and enforcing the judgment appealable under a very similar provision of a previous version of § 904.1]) and under section 904.1, subdivision (a)(6) as an order granting an injunction, as it orders Haley to turn over the settlement funds (see *Canaan Taiwanese Christian Church v. All World Mission Ministries* (2012) 211 Cal.App.4th 1115, 1118, fn. 1 [an order compelling a person to perform a particular act (in the present case, Haley) constitutes an appealable mandatory injunction under subd. (a)(6)]).

6

Before addressing any of these arguments, we note that Boisvert represented himself in the proceedings below and does so again in this appeal.  We must assess his arguments by the same standards we use in assessing the arguments of a represented party.  Generally, "[p]ro. per. litigants are held to the same standards as attorneys" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543).  Further, "[e]xcept when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. . . . A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

## A. *The Trial Court Specifically Determined That Boisvert Was a Party to the Action*

We first address Boisvert's argument that the superior court erred by ordering Haley to turn over settlement funds due Boisvert while expressly finding that Boisvert was not a party to the proceeding.  According to Boisvert, the court's order under these circumstances was a violation of "fundamental principles of jurisdiction and due process" because "a court cannot issue orders adversely affecting a nonparty without first obtaining jurisdiction over them," resulted in an internally inconsistent order, rendered that order "legally void," and deprived him of a property interest without due process, including notice, hearing, or opportunity to contest the Vital parties' claim, resulting in presumptive prejudice.  This argument lacks merit.  The superior court corrected its November 12, 2024 order on December 13, 2024 to indicate that Boisvert *was* a party to the action.  Boisvert does not challenge this ruling.  Indeed, he does not even mention it.

7

**B.** *The Judgment Debtor's Examination Hearing Documents*

Second, Boisvert argues that the superior court "refused" to preserve, file, record, or rule on documents Boisvert submitted "at a properly noticed judgment debtor examination" (apparently referring to his submission of documents to the superior court on March 8, 2024), which documents "conclusively proved that the full outstanding balance at the time of the judgment was fully satisfied" (italics and underscoring omitted), thereby abusing its discretion, violating his right to a meaningful record on appeal, violating his state and federal constitutional rights to due process, prejudicing him, and undermining the integrity of the judicial process. The record does not indicate that Boisvert ever requested the court to retain any such documents.

Vital asserts the superior court had no obligation to retain any documents exchanged between the parties in the course of a judgment debtor's examination hearing, which it characterizes as "the post-judgment equivalent of a deposition."

Initially, we note that Boisvert failed to raise this argument in the superior court. "It is axiomatic that arguments not raised in the trial court are forfeited on appeal." (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038.) And even if he had preserved the argument for appeal, we would reject it. An " 'order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appealing party has the burden to show error by making coherent legal arguments, supported by authority, or the claims will be deemed forfeited. (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 ["Every argument presented by an appellant must be supported by both coherent argument and pertinent legal

8

authority" or "the appellate court may treat the issue as waived"]; *Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 ["asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion"].)

Even if we were to reach the merits, we agree with Vital. Boisvert provides no legal authority or coherent argument to show the superior court was legally obligated to retain or otherwise act regarding any documents he produced at the March 8, 2024 hearing under the circumstances of this case.

## C. *The Vital Parties' Ex Parte Motion*

Third, Boisvert argues the superior court erred in issuing its November 12, 2024 order because there was no motion pending before it at the time, since the Vital parties did not file with the court a written ex parte application and declaration showing an emergency and irreparable harm and failed to provide proper notice to all parties as required by California Rules of Court, rule 3.1200 et seq. He further argues the court's action violated his due process rights, rendering the order void or voidable under Code of Civil Procedure section 473, subdivision (d).

The Vital parties respond that a court may issue orders sua sponte; that the court convened a November 1, 2024 hearing on their noticed motion for a turnover order; and that the court "continued the matter to November 12, 2024, and after supplemental briefing, granted the Order."

We reject Boisvert's "no motion filed" claim for two independent reasons. First neither Boisvert nor Vital do anything to clarify the confused record before us. As we recounted in the background section, Boisvert filed a November 6, 2024 opposition to an ex parte motion by the Vital parties, cited to specific pages and lines in that motion, and at no time objected that the motion was not formally filed with the superior court. And the superior court

9

referred to an ex parte motion by the Vital parties in ruling on it on November 12, 2024. Thus, it appears that both Boisvert and the court reviewed such a motion under the timetable established by the court at the November 1, 2024 hearing (which Boisvert personally attended), and there is no indication in the record before us that they raised a procedural issue regarding it at any time. On appeal, Boisvert only represents in his opening brief, without citing any evidentiary support, that he, "[c]onfused" and "in error," "responded in opposition to a non existent Ex-Parte Application that was never filed with the Court." (Italics and boldface omitted.)

The fault for lack of clarity in the appellate record lies with Boisvert. He failed to designate the reporter's transcripts of the November 1, 2024 or November 12, 2024 hearings. This is fatal to his argument. "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [concluding that, "[b]ecause plaintiff has failed to provide such a record, we have no occasion to consider further the merits of his cross-appeal"]; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [relying on *Uribe* to reject the defendants' claim because, having elected not to provide a reporter's transcript of the trial proceedings, "they failed to provide this court with a record adequate to evaluate this contention"], disapproved of on another ground in *Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 631.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *id.* at pp. 187, 186 [concluding it could not resolve appellant's claim "utilizing only selected excerpts from the clerk's transcript" and "[w]ithout a reporter's transcript or the exhibits presented at trial," which together was a "fatal

problem with this appeal"].) Because we cannot conduct a meaningful review of Boisvert's argument without a fuller record to consider, we reject his contention that the Vital Parties did not file or otherwise submit a motion consistent with the court's instructions that sought the relief the court granted in its November 12, 2024 order.

Even if the record did show definitively what the court had before it when it acted on November 12, 2024, we would reject the "no motion filed" argument. Here, again, Boisvert not only failed to raise this argument below, thereby forfeiting it (*Kern County Dept. of Child Support Services v. Camacho*, *supra*, 209 Cal.App.4th at p. 1038), but has also given us no coherent legal argument supported by pertinent legal authority (*Kaufman v. Goldman*, *supra*, 195 Cal.App.4th at p. 743). Assuming, as he claims, that no formal motion seeking turnover was filed by the Vital parties, Boisvert fails to explain why this requires reversal where the record indicates he timely received an ex parte filing of some kind, filed an opposition to it, and that the superior court considered both the ex parte filing and his opposition in the course of issuing its November 12, 2024 order.

What, exactly, led the court to act, and what exactly the Vital parties presented in support of their apparent ex parte request may be unclear, but when read as a whole the record indicates that (1) Boisvert was a delinquent judgment debtor, (2) the outstanding judgment indebtedness would be satisfied in part by a turnover of the funds held by Haley, (3) the court made specific findings that the Vital parties were entitled to levy these funds under Code of Civil Procedure sections 708.120 and 699.040 and rejected Boisvert's attempt to claim that the funds were exempt from levy, and (3) Boisvert was on notice that turnover was being requested and had an opportunity to

11

oppose because he, in fact, filed an opposition. He has presented no coherent legal argument that anything more was required.

### D. *Boisvert's Secondary Contentions*

Boisvert makes a variety of other contentions in his opening brief, none of which has merit.

He claims: (1) that "[m]any facts represented in this appeal were not known or recognized" by him when he filed his November 6, 2024 opposition to the Vital parties' ex parte application; (2) that the multiple assignments of the judgment and the reassignment of the case to a new judge caused the "[c]ontinuity of history and documentation and understanding" to "suffer[] greatly"; (3) that Kaso, LLC's alleged obtaining of a judgment in a "related case" against Vital Building & Enterprises, Inc. resulted in "off setting judgments," which offset was used in part to satisfy the judgment in the present case; (4) that the superior court did not rule on his August 2024 "Request for Judicial Notice" filing; (5) that the superior court ordered Haley to turn over funds intended for an unrelated party, an organization called "Taking it to the Streets," and that he filed a claim of exemption on September 27, 2024 indicating the judgment debtors did not own the Notice of Levy property, which the Vital parties did not dispute.

Once more, Boisvert fails to provide coherent legal arguments supported by pertinent legal authority, and in some cases does not even cite to anything in the record (such as regarding his "Taking it to the Streets" contention), to explain why his contentions require reversal of the superior court's November 12, 2024 order. He has therefore forfeited these contentions and we do not need to discuss them further. (*Kaufman v. Goldman, supra,* 195 Cal.App.4th at p. 743; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 [an appellant's brief should "point out portions of the record that support the position taken on appeal" because

12

"[t]he appellate court is not required to search the record on its own seeking error"].)

## III. DISPOSITION

The order appealed from is affirmed.  Vital is entitled to costs of appeal.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.