Filed 12/30/25  S.T. v. C.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| S.T.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.C.,<br><br>    Defendant and Appellant. | C101277<br><br>(Super. Ct. No. 19FL05538) |

Self-represented mother C.C. appeals a child custody order and two child support orders.  Child's father S.T. did not file a respondent's brief, so we decide mother's appeal based on the record, the opening brief, and any oral argument by mother.  (Cal. Rules of Court, rule 8.220(a)(2); *In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)  Because mother does not meet her burden on appeal, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, father filed a petition to establish parental relationship of the then three-year-old child, seeking joint custody and reasonable visitation.  In response, mother

sought sole custody with no visitation by father.  Over the next five years, the trial court issued several child custody and support orders.  We limit our discussion to the three orders that mother appeals.

1.      *The May 2024 Child Custody Order*

Following a custody trial in May 2021, the court found that mother was attempting to alienate child from father.  The court gave father more parenting time and the authority to decide school choice if he and mother were unable to agree.  The court also prohibited "videotaping or photographing of custody exchanges without the agreement of both parents."  Nothing in the record suggests mother appealed this order (the May 2021 order).

In September 2023, the court held a hearing after father requested sole custody.  The court found that it was not in child's best interest to keep the current custody order in place because child was not regularly attending school in mother's care.  The court issued an interim order giving father sole legal custody and mother regular weekends (the interim order).  All previous non-conflicting orders remained in effect.

Around eight months later, the court held a one-day trial to determine whether to keep the interim order in place.  The court heard testimony from mother, father, maternal grandparents (grandfather and grandmother), and a child custody counselor.  The child custody counselor recommended father have sole legal custody primarily because of child's schooling.  Specifically, child was a grade level behind and not attending school during mother's parenting time.  Father testified he tried to discuss school choice with mother, but she did not respond, so he disenrolled child from her existing school (first school) and enrolled her in a different school (second school).

Mother testified that father carried out the disenrollment and enrollment through fraud and forgery, and she refused to aid and abet that fraud by taking child to second school.  The court reviewed the purportedly fraudulent enrollment document and asked mother to identify any incorrect information.  The document, an "online registration

2

summary" dated July 19, 2022, lists father, mother, father's girlfriend, and girlfriend's former partner as parents or guardians; provides their contact information; indicates child does not live in mother's household; states child has no medical or mental health conditions; provides no emergency health services information; and lists girlfriend's mother as an emergency contact.

According to mother, the telephone information listed for her was incorrect; she did not consent to email communication; child was in her household half the time; girlfriend's mother doesn't know mother or have any of her information; the medical information should not have been left blank; and girlfriend's former partner should not have been listed as a parent or guardian.

Mother also submitted videos of custody exchanges and school interactions. After reminding mother of the recording prohibition in the May 2021 order, the court refused to consider any other videos.

Maternal grandparents testified that father was not taking proper care of child; child was unhappy with father; father used illegal substances; and father was sending people to interfere with custody exchanges.

The trial court did not find the testimony of mother or maternal grandparents to be "helpful or credible." In the court's view, mother was (1) "unwilling to reflect on her actions or how they [were] impacting child" and (2) violating the May 2021 order prohibiting video recording custody exchanges. "The [c]ourt did not find any of [m]other's allegations against [f]ather to be supported by the evidence." The court affirmed the interim order. Mother appeals that affirmance (the May 2024 child custody order).

2.      *The June 2024 Child Support Order*

The court ordered father to pay child support in various amounts over the years. Effective February 2024, the court reduced that amount to zero. In June 2024, the court held a child support hearing with a commissioner presiding as a temporary judge.

3

Commissioner explained his intent to confirm the existing child support order. Mother objected to commissioner and claimed she did not agree with the child support orders, did not receive commissioner's last recommendation, and did not think commissioner would produce a lawful ruling. She requested immediate child support "corrected back to the original amount . . . plus all backpay." According to commissioner, there was no basis to order child support to mother given father's primary custody of child. Commissioner issued findings and recommendations noting mother's objection and recommending confirming the existing orders. Mother objected to the findings and recommendations. She appeals commissioner's minute order issued after the hearing (the June 2024 child support order).

In August 2024, the trial court held a hearing to review commissioner's June 2024 findings and recommendations. Both mother and father testified, but there is no reporter's transcript for the hearing. The trial court affirmed commissioner's findings and recommendations (the August 2024 child support order). Mother does not appeal that affirmance.

3. *The December 2024 Child Support Order*

In November 2024, commissioner held a child support modification hearing. Only a portion of the reporter's transcript for the hearing appears in the record. Commissioner issued findings and recommendations ordering father to file an expense declaration, ordering mother to provide medical documentation of her disability to the Department of Child Support Services (the department), suggesting that mother apply for disability benefits, and requiring that all other orders remain in effect. Commissioner stated that mother "placed [her] medical condition to be an issue as to whether [she had] the ability to pay support." Commissioner also stated that the department would continue to keep that information confidential, and nothing indicated the department had disclosed her address. Mother objected to commissioner and requested de novo review by a judge.

4

That de novo review occurred in December 2024.  There is no reporter's transcript for the hearing.  According to the clerk's transcript, mother testified she didn't know why she was there and complained about "tactics" that were prejudicing her case.  She also complained about father's enrollment of child in second school and about her address being improperly released to the public.  The trial court affirmed commissioner's November 2024 findings and recommendations.  Mother appeals that affirmance (the December 2024 child support order).

DISCUSSION

The appellant bears the affirmative burden of showing that the trial court committed an error that justifies reversal of the judgment even where there is no respondent's brief.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *In re Marriage of Riddle, supra*, 125 Cal.App.4th at p. 1078, fn. 1.)  To meet this burden, the appellant must file a brief that, among other things, (1) explains why the order appealed from is appealable, (2) states each point under a separate heading or subheading summarizing the point, (3) supports each point by argument and citation to authority, and (4) supports any reference to a matter in the record by citation to the volume and page number of the record where the matter appears.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C), & (2)(B).)  The failure to meet these standards can be fatal to individual arguments or the entire brief.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [failure to cite authority]; *Winslett v. 1811 27th Avenue LLC* (2018) 26 Cal.App.5th 239, 248, fn. 6 [failure to use headings]; *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [failure to provide appropriate record citations].)  These rules equally apply to a self-represented appellant.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Mother's brief does not meet these standards.  It includes a "statement of appealability" but does not explain why each of the orders appealed from is appealable.  It also includes a "Table of Authorities" listing several authorities, but the body of the

5

brief largely lacks citation to any authority. Mother's many points are not identified in separate headings, and her citations to the record generally consist of string citations or references to large page spans. We may deem mother's arguments on appeal forfeited due to these failures. Even if we overlook these briefing defects, there is no merit to mother's challenges to the orders appealed from.[1] We exercise our discretion to consider those challenges. Any other arguments not discussed below are deemed forfeited.[2] (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

1.      *The May 2024 Child Custody Order*

Mother contends the trial court erred by giving sole custody to father. Specifically, she contends the trial court was wrong in finding mother "deprived [child] from attend[ing] a school." She insists father engaged in fraud when he disenrolled child from first school and enrolled child in second school.

Mother's contentions lack merit. Mother never appealed and does not challenge the May 2021 order giving father the authority to decide school choice if he and mother were unable to reach an agreement. In the May 2024 child custody order, the court accepted father's testimony that he followed the May 2021 order by taking the school enrollment actions only after he attempted to discuss school choice with mother and received no response. We review that order for abuse of discretion and apply the substantial evidence test to the trial court's factual findings. (*In re Marriage of J.G. &*

---

[1] Mother also challenges custody orders dating back to 2021 and earlier and a July 2024 custody order. We lack jurisdiction to consider these orders due to untimeliness and lack of identification in the notice of appeal. (Cal. Rules of Court, rule 8.104; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.)

[2] For example, mother contends her constitutional and civil rights are being violated; various trial court judges are biased and conspiring against her; and father has not served her with any documents as required by law. It is not clear how these contentions relate to the orders appealed from. We also consider them forfeited for inadequate argument and citation to the record and authority.

*K.G.* (2025) 110 Cal.App.5th 1214, 1222.)  Because we cannot determine credibility or reweigh the evidence and the testimony of a single witness may constitute substantial evidence, we cannot disturb the trial court's acceptance of father's testimony.  (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531; *Marriage of Mix* (1975) 14 Cal.3d 604, 614.)  And contrary to mother's position, the trial court did not ignore the enrollment document to which mother objected.  In fact, the trial court allowed mother to identify any incorrect information in the document.  Ultimately, the court found none of mother's claims against father to be supported by the evidence.  The evidence in the record does not compel a different conclusion as a matter of law.  (*In re Marriage of Diamond* (2024) 106 Cal.App.5th 550, 565 [where issue on appeal turns on a failure of proof at trial, question is whether the evidence compels a finding in favor of the appellant as a matter of law].)

We also reject mother's contention that the May 2024 custody order improperly continued an unconstitutional videotaping prohibition.  Mother's cursory reference to a constitutional right to videotape under the First Amendment is insufficient.  "The mere assertion of a statutory or constitutional violation, followed by simply a citation to the statute or constitutional provision, does not merit a judicial response."  (*Woods v. Horton* (2008) 167 Cal.App.4th 658, 677.)

II.  *The June 2024 Child Support Order*

Mother appeals from a minute order containing commissioner's findings and recommendations.  But this non-final order is not appealable.  (See Fam. Code, § 4251, subd. (c) [commissioner may make findings of fact and a recommended order]; Code Civ. Proc., § 904.1.)  Nevertheless, we elect to treat mother's appeal as being taken from the August 2024 child support order, which approved commissioner's recommendations.  (See Cal. Rules of Court, rule 8.104(d) [premature notice of appeal]; *Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1122.)

7

Mother contends commissioner's findings and recommendations were untimely, but she provides no authority to support that contention, nor does she explain how the purported untimeliness was prejudicial. (*Benach v. County of Los Angeles, supra*, 149 Cal.App.4th at p. 852 [waiver of point lacking citations to authority]; *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34 [reversal requires prejudicial error].) Mother also contends commissioner should not have issued the findings and recommendations because she objected to commissioner serving as a temporary judge. Mother misunderstands the applicable law. Even though mother objected to commissioner, commissioner was still authorized to hear the matter and make findings of fact and a recommended order. (Fam. Code, § 4251, subd. (c).) And after mother objected to the findings and recommendations, they were reviewed by a judge following a trial de novo. (*Ibid*.; *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1035.) Mother does not explain how the court failed to comply with applicable law. We do not scour the record and make argument on mother's behalf. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone*).)

III.    *The December 2024 Child Support Order*

Mother challenges the December 2024 child support order on three grounds: (1) commissioner's findings and recommendations were untimely; (2) the order continued an unconstitutional videotaping prohibition; and (3) the order unlawfully required mother to expose her confidential information. The first two grounds fail for the same reasons they fail above. As to the third ground, mother contends that because she is under government programs like "Snap EBT" and Medi-Cal, she is exempt from having to provide confidential information, including medical information, in court proceedings. For support, she cites "Government CCR's," the Welfare and Institutions Code, and "family law" as protecting that information. Mother's contentions fail for lack of sufficient argument and citation to authority. Mother does not cite a specific law that

8

protects the information at issue or indicates that the trial court erred, and we do not make arguments on her behalf.  (*Falcone, supra*, 164 Cal.App.4th at p. 830.)

DISPOSITION

The May 2024 child custody order, August 2024 child support order, and December 2024 child support order are affirmed.  Because father did not appear in this appeal, costs are not awarded.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                   /s/
                                     MESIWALA, J.


We concur:


 /s/
DUARTE, Acting P. J.


 /s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.