Filed 1/5/26  The UCLA Foundation v. Cognein CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE UCLA FOUNDATION, | B327236 |
| Plaintiff, Cross-defendant and Respondent, | Los Angeles County Super. Ct. No. 21SMCV01766 |
| v. | |
| PERSIDE NICOLE COGNEIN, | |
| Defendant, Cross-complainant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

Perside Nicole Cognein, in pro. per., for Defendant, Cross-complainant and Appellant.

Mitchell Silberberg & Knupp, Andrew C. Spitser and Brandon E. Hughes for Plaintiff, Cross-defendant and Respondent.

Perside Nicole Cognein appeals in propria persona from the trial court's January 23, 2023 judgment entered in favor of The UCLA Foundation (the Foundation)[1] on its complaint and Cognein's cross-complaint. We affirm.

## BACKGROUND

This case involves a dispute over a residential, ocean-view property in "Santa Monica Canyon" (the property) previously owned by Guy Cognein (Guy). In December 2002, Guy—who at the time was 74 years old, unmarried, and childless—agreed to grant the property to the Foundation in exchange for a life estate in the property and payment of an annual annuity of just over $100,000 each year until his death. The parties executed agreements to this effect in December 2002. Guy signed—as a " 'single man' "—the grant deed, recorded on March 3, 2003, granting his entire interest in the property to the Foundation, but reserving a life estate for himself.

The Foundation alleged that, sometime after the agreements were signed, Cognein became Guy's live-in caretaker. In 2019, when he was 90 years old, Guy married Cognein, who was then 51 years old.[2] Guy died on October 10, 2020. The Foundation became the sole owner of the property on Guy's death. On December 23, 2020, the Foundation notified Cognein in writing that it owned the property and gave her until January 13, 2021 to leave. The Foundation had Cognein served with a 60-day notice to quit on January 11, 2021. Cognein

---

[1]     Cognein erroneously named the Foundation as "UCLA Reverse Mortgage Investment."

[2]     In her cross-complaint, Cognein alleged she was not Guy's caretaker and had married him in 2006 in a religious ceremony.

2

didn't leave. On November 4, 2021, the Foundation sued Cognein for declaratory relief that she had no right to occupy the property; ejectment; unlawful detainer; and waste based on Cognein having allowed the condition of the property to deteriorate substantially after Guy's death.

On November 29, 2021, Cognein, in propria persona, filed an "Answer and Cross Claim" that generally denied "all allegations" and alleged various crossclaims against the Foundation and other named individuals and entities. As relevant here, the cross-complaint alleged the Foundation breached a "purchase contract to sell back" the property to Cognein.[3] The Foundation answered the cross-complaint.

Cognein did not respond to the Foundation's discovery requests—including requests for admission—and did not file an opposition to its motion to deem the requests for admission admitted (or to its motion to compel discovery). After a May 19, 2022 hearing on the Foundation's motions—at which Cognein appeared—the court, among other orders, deemed the requests for admission admitted.

---

[3] The cross-complaint refers to that contract as exhibit A, but no exhibits are attached to the copy in the record. Cognein attached to her brief page two of a July 9, 2021 letter from the Foundation's attorney to her. At the bottom of the page, below counsel's signature, is a paragraph that states Cognein offers "to purchase all of the . . . Foundation's interest in the Property on an 'as-is' basis, with no seller warranties, for the sum of . . . $2,750,000, subject only to the conditions stated above." Cognein signed the offer in the space provided but handwrote under her signature, "Price to be readjusted." Cognein also attached a copy of a blank check dated July 17, 2021 from her account made payable to "UCLA." "VOID" is written across the check.

On August 4, 2022, the Foundation filed a motion for summary adjudication on its declaratory relief, ejectment, and unlawful detainer causes of action (possession claims), and on Cognein's crossclaim for breach of contract. Cognein did not file an opposition. Nor did she appear at the October 18, 2022 hearing on the motion. At the hearing, the court adopted its tentative ruling granting the Foundation's motion for summary adjudication in its entirety. The court found the Foundation established the elements of its possession claims and no triable issues of fact existed; and the undisputed facts demonstrated no purchase contract was formed as Cognein never agreed to the sale price, and she never satisfied the conditions on which the offer was contingent.

Trial was set for November 21, 2022. On November 9, 2022, the Foundation filed a motion for judgment on the pleadings on Cognein's remaining crossclaims—except for her trespass cause of action—also to be heard on November 21. Cognein did not file an opposition. Cognein appeared at the November 14, 2022 final status conference but did not file a witness or exhibit list. The court ordered the parties to meet and confer as to possible settlement.

Cognein did not appear on November 21, 2022. The court adopted its tentative ruling granting the motion for judgment on the pleadings. The only remaining claims for trial were the Foundation's affirmative claim for waste and Cognein's crossclaim for trespass. The Foundation orally moved for nonsuit on Cognein's trespass claim, which the court granted. The court

4

then held a bench trial on the Foundation's waste claim.[4]  The Foundation presented four witnesses, and the court admitted 14 exhibits into evidence.  During the witness examinations the trial court asked for clarification, questioned the foundation of the evidence offered and probed its admissibility, and directly questioned witnesses.  The court also questioned counsel about certain elements of the claim.  The court ordered counsel to file a written closing argument.  It did so on December 2, 2022, and served Cognein with a copy.

On December 27, 2022, Cognein filed an ex parte application for an "order staying execution of the judgment until a hearing on defendant's motion to set aside judgment . . . and an order shortening time for hearing and service of the motion to set aside."  On December 29, she also filed what was deemed a "supplemental declaration" consisting of a myriad of documents and spanning more than 300 pages.  A hearing was set for December 30; at the hearing the court denied Cognein's application after "an in-chambers review."

On January 4, 2023, the court issued its decision on the Foundation's waste claim.  The court found in favor of the Foundation and awarded it $800,000 in damages against Cognein.  The court found the Foundation did not prove " 'bad faith waste,' " however, and was not entitled to treble damages.  The court ordered the Foundation to submit a

---

[4]  The Foundation alleged Guy had a duty not to commit waste on the property and—under his agreements with the Foundation—to make all necessary repairs, until his death, to maintain the property in as good a condition as it was on the date of the agreements.  As Guy gave Cognein permission to reside at the property, she had the same duties as Guy.

proposed judgment.  The Foundation's counsel served Cognein with notice of the entry of the order by mail.  On January 20, the Foundation served Cognein with the proposed judgment by mail.

On January 23, 2023, the court entered judgment in favor of the Foundation.  The Foundation served Cognein with notice of entry of judgment by mail on February 3, 2023.  On February 15, Cognein filed her notice of appeal from the judgment.

## DISCUSSION

Cognein appears to make three contentions of error on appeal:  (1) the trial court's entry of summary adjudication in the Foundation's favor on its possession claims; (2) the trial court's entry of summary adjudication in the Foundation's favor on Cognein's crossclaim for breach of contract; and (3) the trial court's conducting of the trial after Cognein did not appear.

### 1.  *Fundamental rules of appellate procedure*

We are cognizant Cognein is a self-represented individual. Nevertheless, she " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 ["Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation."]; *Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 406, fn. 5 [self-represented party is "held to the same standard of knowledge of law and procedure as an attorney"].)  She thus is bound to follow the "fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis

of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)

Moreover, the party asserting trial court error may not rest on the bare assertion of error but must present argument and legal authority on each point raised. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).) These "same rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

**2.      *The court's summary adjudication order***

The court entered judgment in favor of the Foundation on its possession claims and Cognein's breach of contract crossclaim based on its earlier order granting summary adjudication in favor of the Foundation. We review an order granting summary adjudication de novo. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 273.) Cognein's opening brief does not mention the court's summary adjudication order or explain why summary adjudication should not have been granted. "Issues not raised in the appellant's opening brief are deemed waived or abandoned." (*Aptos Council v. County of Santa* Cruz (2017) 10 Cal.App.5th 266, 296, fn. 7 (*Aptos*).)

7

Moreover, Cognein did not oppose the motion for summary adjudication. Nor did she appear at the hearing. She thus has forfeited any claim of error in the court's granting of the motion. (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602 (*Bell*) [appellant's failure to oppose motion in trial court "waived any objections to the resulting order"].)

3.    ***The trial in Cognein's absence***

Cognein's main contention on appeal appears to be that the Foundation obtained the judgment against her through fraud. She asserts that, on the morning of trial, the Foundation's counsel "misrepresented to the court that [her] whereabouts were unknown" and "concealed" from the court that the Foundation had received a signed purchase agreement from Cognein "reflecting her offer to pay fair market value" for the property. Cognein asserts the court, "[r]elying on" counsel's "misstatement," "proceeded in [her] absence and entered judgment in [the Foundation's] favor, authorizing foreclosure of the property." She argues the court violated her due process rights by proceeding with the trial in her absence. Cognein has failed to demonstrate error.

First, the court already had adjudicated Cognein's breach of contract crossclaim—and the Foundation's possession claims— in the Foundation's favor before the trial date. Accordingly, Cognein's presence or absence at trial had no bearing on the Foundation's right to possess—and to eject Cognein from— the property. Rather, on the trial date the court: granted the Foundation's unopposed motion for judgment on the pleadings; granted the Foundation's oral motion for nonsuit on Cognein's crossclaim for trespass; and held a bench trial on the Foundation's waste claim.

8

As for the order granting judgment on the pleadings, Cognein has forfeited any claim of error. The Foundation served Cognein with its motion for judgment on the pleadings, but Cognein never filed a written opposition. (*Bell, supra*, 226 Cal.App.3d at p. 1602.) Moreover, Cognein does not make any argument on appeal as to how the court erred in granting the Foundation's motion. She thus has abandoned that issue. (*Aptos, supra*, 10 Cal.App.5th 266, 296, fn. 7.)[5]

Second, Cognein has failed to demonstrate she did not receive "due process." Due process requires fair notice and an opportunity to be heard. (See, e.g., *Mathews v. Eldridge* (1976) 424 U.S. 319, 348 ["The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.' "].) Yet "[d]ue process demands only that litigants have the *opportunity* to be heard, not that they avail themselves of that opportunity." (*Garamendi v. Gold Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 706, fn. 4.) Here, the record shows Cognein received notice of the trial date: she attended the May 19, 2022 case management conference at which the court set the trial date for November 21, 2022; she attended the final pretrial status conference on

---

[5] The court granted judgment on the pleadings on Cognein's purported crossclaims for defamation/libel/slander; invasion of privacy; breach of confidentiality agreement; discrimination, harassment, ageism, racism; conspiracy; false appraisal; unlawful solicitation; false lien/filing false claim; interfering with probate proceeding; corporate corruption; loss of consortium/insurance fraud/kidnapping and false imprisonment/malpractice; and antitrust. As the trial court found, Cognein alleged no facts to support those claims against the Foundation.

November 14, 2022; and she was served with the Foundation's witness and exhibit lists.[6] Nevertheless, Cognein chose not to appear in court on November 21. She thus waived her right to be heard on her trespass claim and the Foundation's waste claim (and to oppose the motion for judgment on the pleadings at the hearing). (*Ibid.* [" 'The due process rights to notice and hearing prior to a civil judgment are subject to waiver.' "], quoting *D. H. Overmyer Co. v. Frick Co.* (1972) 405 U.S. 174, 185.)

Without citation to the record, Cognein argues she was "misled into believing she didn't need to appear in court" based on her signing of the "purchase agreement." Cognein is referring to a November 16, 2022 letter from the Foundation's counsel offering to sell the property to Cognein, "as is, . . . for a total of $2,967,713," with five express conditions.[7] She asserts the

---

[6] According to the Foundation, Cognein also was served with a notice to appear at trial. The Foundation referred to that notice in its written closing argument, but the notice itself is not part of the appellate record. As it was Cognein's burden to provide an adequate record—and she does not contend otherwise— we presume she received the notice to appear. (*Jameson, supra*, 5 Cal.5th at p. 609 [the absence of an adequate appellate record on an issue requires it to be resolved against the appellant].)

[7] According to the parties, the November 2022 offer letter "was made at the suggestion of the trial court at the final status conference." Cognein attached the three-page letter as an "exhibit" to her brief. The first two pages are part of the "supplemental declaration" she filed in apparent support of her December 2022 ex parte application. The third page of the letter follows counsel's signature and purports to be Cognein's agreement to the preliminary offer to purchase the property. It is not part of the appellate record. We do not consider it.

Foundation, or its "agents," "assured [her] that the matter was resolved and her court appearance was not necessary. Relying on these assurances, she did not attend the trial." She claims she was "fraudulently induced to abstain from participating in the legal proceedings."

The record belies Cognein's assertions. The November 2022 letter specifically stated: "For sake of clarity, the Foundation intends to proceed forward with trial scheduled to begin on November 21, 2022, irrespective of whether you sign the Offer below; however, the Foundation will release any judgment it obtains at trial if the sale closes, as described in [condition] (5), above." Moreover, the November 21, 2022 reporter's transcript establishes the Foundation's counsel did not misrepresent their communications with Cognein. The court asked if they had had any communication with Cognein "about today." Counsel had not. Counsel, however, advised the court that they had been in communication with Cognein since the final pretrial conference. Counsel explained, "We made her a settlement offer, and those discussions continue. So we have not settled the case. And we told her in no uncertain terms that we were moving forward with the trial no matter what." Indeed, before the court ruled on Cognein's crossclaim for trespass, the Foundation's counsel suggested the court take a brief recess so they could check to see if Cognein was waiting outside the courtroom. She was not.

---

(*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632 ["As a general rule, documents not before the trial court cannot be included as part of the record on appeal and thus must be disregarded as beyond the scope of appellate review. [Citations.] Likewise disregarded are statements in briefs based on matter improperly included in the record on appeal."].)

11

In any event, if Cognein believed the Foundation fraudulently induced her into forgoing her right to be heard at trial, her recourse was to file a motion with the trial court—for example, a motion for new trial or a motion for judgment notwithstanding the verdict. She did not. Instead, Cognein filed an ex parte application to stay execution of the judgment until her motion to set it aside could be heard—but no judgment had been entered. Indeed, the court had not yet rendered its decision on the Foundation's waste claim. We thus can infer the court denied the December 2022 ex parte application because it was premature. After the court entered its judgment, Cognein's sole avenue of relief was to file a motion to vacate the judgment under section 473 of the Code of Civil Procedure. She did not. She thus has forfeited appellate review of the issue. (See, e.g., *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117 ["It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal."]; *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038 ["It is axiomatic that arguments not raised in the trial court are forfeited on appeal."].) We thus do not consider whether plaintiff was entitled to relief under section 473.

Finally, Cognein's opening brief mentions neither her counterclaim for trespass nor the Foundation's claim for waste—the two claims decided at trial. She thus has forfeited any claim of error as to those two claims as well. (*Delta Stewardship, supra*, 48 Cal.App.5th at p. 1075.) In any event, as Cognein failed to appear at trial—and thus presented no evidence establishing her trespass claim—the court did not err in granting

the Foundation's motion for nonsuit.  (See *Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1580 [plaintiff cannot prevail on a motion for nonsuit unless she "can demonstrate *substantial* evidence in the record to support each claim asserted"].)  And, based on our review of the record, substantial evidence supported the trial court's finding that the Foundation established its waste claim against Cognein. (See, e.g., *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 ["When the trial court has resolved a disputed factual issue, the appellate courts review the ruling according to the substantial evidence rule.  If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed."].)

Accordingly, we conclude Cognein has failed to meet her burden to show the judgment was entered in error.

## DISPOSITION

The judgment is affirmed.  We award The UCLA Foundation its costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.


We concur:



EDMON, P. J.     HANASONO, J.


13